## MATTER OF PATEL

### In Deportation Proceedings

### A-23603085

*Decided by Board September 23, 1985*

(1) Where an alien had notice of his hearing, had an opportunity to attend, and showed no reasonable cause for his failure to appear, the hearing may properly be held in absentia.

(2) The submission of a motion for a continuance does not relieve an alien or his attorney of the responsibility to attend a deportation hearing of which they have been given notice.

(3) Unless a motion for a continuance has been granted prior to the hearing, the alien remains obligated to appear before an immigration judge at the appointed date and time to plead to the factual allegations and the charge of deportability stated in the Order to Show Cause and Notice of Hearing (Form I-221).

(4) The immigration judge properly conducted the respondent's hearing in absentia where no reasonable cause was offered for the respondent's absence and counsel's own failure to appear.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENTS:
Marshall M. Taheri, Esquire
Western Bank Building
5433 Westheimer, Suite 950
Houston, Texas 77056

ON BEHALF OF SERVICE:
Charles Wiegand III
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated June 19, 1985,[1] the immigration judge found the respondent deportable and ordered him deported from the United States. The decision was rendered at a hearing held in absentia due to the respondent's failure to appear. The respondent has appealed from the immigration judge's decision. The appeal

---

[1] The immigration judge's decision is dated June 19, 1985, but indicates that it was not mailed until July 2, 1985.

will be dismissed. The respondent's request for oral argument is denied.

The record reflects that notice was sent to the respondent on May 19, 1985, informing him that his deportation hearing was scheduled for 1:00 p.m. on June 19, 1985. Also included in the record is a letter dated May 24, 1985, from the respondent's former counsel requesting a continuance due to a conflicting immigration hearing. The immigration judge's decision indicates that an arrangement was made to change the date of the attorney's other hearing and that counsel was notified to appear with the respondent as scheduled. It further reflects that when neither the respondent nor his attorney appeared on June 19, 1985, the immigration judge held the hearing in absentia.[2]

On appeal, the respondent argues through his new counsel that the immigration judge erred in proceeding with the hearing in absentia. Counsel states that he was retained by the respondent on June 11, 1985, at which time he submitted a letter requesting a continuance. The letter, which is included in the record, indicates that postponement of the hearing was requested due to the recency of the attorney's retention by the respondent and his "conflicting engagement." Counsel further asserts on appeal that he did not receive a written response from the immigration court, but that his office was contacted by the clerk of the court 2 days before the hearing when he was away from his office. He allegedly returned the call the following day but received no information regarding the motion for a continuance until the morning of the hearing, when the court notified his office that his request had been denied by the immigration judge. Counsel contends that his motion for a continuance was justified and that the immigration judge deprived the respondent of his due process right to counsel by holding the hearing in his absence.

Section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1982), provides as follows:

If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.

This Board has held that a hearing in absentia is appropriate where the alien had notice of his hearing, had an opportunity to attend, and showed no reasonable cause for his failure to appear.

---

[2] The record contains a letter from the respondent's former counsel withdrawing his appearance at the respondent's request. However, the letter is dated July 6, 1985, well after the date scheduled for the respondent's hearing.

*See Matter of Marallag*, 13 I&N Dec. 775 (BIA 1971). We are not convinced that the respondent has established sufficient reason for his absence at the hearing.

Upon the issuance of an Order to Show Cause and Notice of Hearing (Form I-221), an alien is required to appear before an immigration judge at a designated time and place to plead to the factual allegations and the charges of deportability against him. *See* 8 C.F.R. §§ 242.1(b), 242.16(b) (1985). The respondent clearly had notice of the scheduled hearing date and has offered no justification whatsoever for his failure to appear before the immigration judge.

Counsel's allegations regarding his request for a continuance also do not constitute a reasonable explanation for either his or the respondent's absence from the hearing. The mere submission of a motion for a continuance does not relieve an alien or his attorney of the responsibility to attend a deportation hearing of which they have been given notice. It may not be assumed that adjournment of the proceedings is assured by the filing of such a motion. Unless the immigration judge has granted a motion for a continuance prior to the hearing, the alien remains obligated to appear at the appointed date and time.

The respondent and his attorney were not therefore excused from attending the deportation hearing simply by requesting a continuance. Furthermore, by his own admission, counsel was notified by the immigration court on the morning of the hearing that a continuance had been denied. Although he clearly was aware that an appearance was required at the hearing, counsel was not present and apparently made no effort to ensure the respondent's attendance. No reasonable cause has been shown for this absence. We therefore conclude that the immigration judge properly conducted the hearing in absentia.

In any event, counsel has failed to establish that adjournment of the proceedings was warranted in this case. *See* 8 C.F.R. § 242.13 (1985). His alleged "conflicting engagement" has never been explained and he has offered no affidavit to support his claimed inability to attend the hearing. In fact, counsel has indicated that he was in his office on the afternoon of the hearing. We are therefore unconvinced that a continuance was necessary to avoid a conflict in his schedule.

There is also no indication that counsel had insufficient time to prepare for the hearing. The respondent's deportability as an overstayed nonimmigrant was established by Service documents of record and has not been contested on appeal. Furthermore, no eligibility for discretionary relief has been alleged or established. The

respondent has therefore made no showing that he was prejudiced as a result of the immigration judge's refusal to adjourn the proceedings. *See Matter of Sibrun*, 18 I&N Dec. 354 (BIA 1983). Consequently, we find no error in the denial of counsel's request for a continuance. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.