# MATTER OF MUNOZ-SANTOS

## In Deportation Proceedings

## A-28724030

### Decided by Board June 14, 1990

(1) Where the Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) reflects that the respondent signed various portions of the form, that various rights forms and advisories had been served on the respondent, and that an officer of the Immigration and Naturalization Service signed the portion of the document certifying service, it may be assumed that the Order to Show Cause was served personally on the respondent, in compliance with 8 C.F.R. § 242.1(c) (1990).

(2) Personal service of a notice of a hearing date is not required for the immigration judge to conduct a deportation hearing in absentia where the respondent fails to appear for a scheduled hearing.

(3) Where the immigration judge concludes that notice of a hearing date has been sufficiently provided to a respondent, and the respondent without reasonable cause fails to appear, the immigration judge may conduct an in absentia deportation hearing.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:      ON BEHALF OF SERVICE:
  Pro se                        John B. Barkley
                                  Patricia M. Vroom
                                  General Attorneys

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Hellman, Board Members

In a decision dated June 28, 1989, an immigration judge administratively closed the respondent's case when the respondent failed to appear for a scheduled hearing. The Immigration and Naturalization Service appealed. The appeal will be sustained and the record will be remanded to the immigration judge for further action.

We shall consider this interlocutory appeal pursuant to our decision in *Matter of Amico,* 19 I&N Dec. 652 (BIA 1988). In administratively closing this case, the immigration judge stated that there was no evidence to establish that the respondent had been properly served with the Order to Show Cause, Notice of Hearing, and Warrant for

Arrest of Alien (Form I-221S). The immigration judge also stated that there had not been compliance with the regulations regarding service of the notice of hearing date. Failure to follow the required procedures, the immigration judge found, denied the respondent due process and was prejudicial. He therefore administratively closed the proceedings, rather than holding a hearing in absentia, as requested by the Service.

The Service argues in its appeal that the immigration judge should not have administratively closed the case but rather should have held an in absentia hearing, pursuant to section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b) (1988). *See Maldonado-Perez v. INS*, 865 F.2d 328 (D.C. Cir. 1989); *Ibrahim v. United States INS*, 821 F.2d 1547 (11th Cir. 1987); *Matter of Patel*, 19 I&N Dec. 260 (BIA 1985), *aff'd*, 803 F.2d 804 (5th Cir. 1986); *Matter of Marallag*, 13 I&N Dec. 775 (BIA 1971).

We shall first consider whether service of the Order to Show Cause and of the notice of the hearing date was adequate in this case. We find that there is sufficient proof of proper service of the Order to Show Cause. The Form I-221S in this case reflects that on April 20, 1989, the respondent signed the portion of the form entitled "Notice of Custody Determination." He also signed the portion of the document requesting a prompt hearing. On the same date, an immigration officer signed that part of the document which certifies service of the Order to Show Cause. There is a stamp on the form stating that the "above advisement" had been read to the respondent in Spanish, and that the Form I-618 written notice of appeal rights had been served, as had the Legal Services Notice. Finally, there is a finger or thumb print on the Form I-221S to identify the respondent. Despite the contrary finding of the immigration judge, we can only assume from these facts that the Order to Show Cause was personally served on the respondent, in compliance with 8 C.F.R. § 242.1(c) (1990). We note that there is no place on the part of the form relating to the certificate of service for the respondent to sign; there is only a place for the immigration officer to sign.

We also find that service of the notice of the June 28, 1989, hearing date was sufficient. The record of proceedings indicates that at the bond redetermination hearing, the respondent provided information indicating that he would be residing with an Anna M. Castro at 1106 Van Buren Street, Uniondale, New York 11553. On May 16, 1989, the Office of the Immigration Judge utilized this address to inform the respondent of the time, date, and place of the hearing to be held before the immigration judge. There is no indication that this notice was returned to the Office of the Immigration Judge as undeliverable. We see no reason why the immigration judge should not have relied upon this notice as a sufficient notice of hearing. In his decision he states

that there was no compliance with the requirements of 8 C.F.R. § 103.5a(c)(1) (1990) regarding personal service. According to that regulation, "In any proceeding which is initiated by the Service, with proposed adverse effect, service of the initiating notice and of notice of any decision by a Service officer shall be accomplished by personal service ..." rather than routine service by mail.

The May 16, 1989, notice of hearing in this case was sent by the immigration judge's office, not by the Service, and it was not an initiating notice or a notice of a Service officer's decision. Arguably, 8 C.F.R. § 103.5a(c)(1) (1990) would not apply for these reasons. Moreover, there is a more recently promulgated regulation which clearly does cover the issue of what service is required in providing notice of a hearing. That regulation, 8 C.F.R. § 3.17 (1990), simply states, "The Office of the Immigration Judge shall be responsible for providing notice of the time, place, and date of the hearing to the government and respondent/applicant." No particular form of service is required by the regulation. We find that this regulation is controlling, because it clearly covers the issue presented, which 8 C.F.R. § 103.5a(c)(1) (1990) arguably does not, and because, assuming a conflict between the two regulations, it would govern since it was promulgated at the later date.[1] See Saludes v. Ramos, 744 F.2d 992, 994 (3d Cir. 1984); see also Inter-Continental Promotions, Inc. v. MacDonald, 367 F.2d 293 (5th Cir. 1966).[2] See generally Matter of Dobere, 20 I&N Dec. 188 (BIA 1990). Most notices of hearing dates are, in fact, served by routine service, not personal service. In the present case, notice was sent to the last address provided by the respondent, and the notice provided was adequate.

We also note that the administrative closing of this case, in the face of the Service opposition to such action, was not appropriate in any event. As we stated in Matter of Amico, supra, administrative closing is merely an administrative convenience. It allows the removal of cases from the immigration judge's calendar in certain situations. However, it does not result in a final order of deportation. Thus, if it is used when a respondent fails to appear for a hearing, the respondent is able to avoid an order regarding his deportability. Id. We therefore hold that the administrative closing procedure should not be used if it is opposed by either party to the proceedings.

---

[1] The regulation at 8 C.F.R. § 3.17 became effective on March 2, 1987, as part of the Rules of Procedure for Proceedings before Immigration Judges, whereas 8 C.F.R. § 103.5a(c)(1) was promulgated in 1972 and amended in 1974.

[2] The cases cited relate to rules of statutory construction. The rules of construction which apply to statutes apply to construing regulations as well. See Jicarilla Apache Tribe v. Andrus, 687 F.2d 1324 (10th Cir. 1982); Rucker v. Wabash R.R. Co., 418 F.2d 146 (7th Cir. 1969).

When a respondent fails to appear for a scheduled hearing, the Service should be allowed to allege, on the record, that proper notice of the hearing was given to the respondent. If it is alleged that notice was sent to the last known address of an unrepresented respondent, the Service should provide to the court information regarding that address, and the basis for its belief that it is the last known address. If the immigration judge is satisfied that the notice provided to the respondent was in fact sufficient, then a hearing in absentia, in accordance with section 242(b) of the Act, may be held.

For the reasons set forth above, we shall sustain the Service appeal and remand the record to the immigration judge.

**ORDER:** The appeal is sustained and the record is remanded to the immigration judge for further action in accordance with the foregoing decision.