# MATTER OF PEUGNET

## In Deportation Proceedings

### A-27538066

### *Decided by Board January 29, 1991*

(1) The definition of the terms "routine service" and "personal service" provided by 8 C.F.R. § 103.5a(a) (1990) only applies to administrative proceedings before Immigration and Naturalization Service officers and consequently is not directly or formally applicable to defining the terms "routine" and "personal" service as used in 8 C.F.R. § 242.1(c) (1990) regarding the proper service on an alien of an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) as a means of instituting deportation proceedings.

(2) In interpreting the terms "routine" and "personal" service as used in 8 C.F.R. § 242.1(c) (1990), the Board of Immigration Appeals will use the definition provided in 8 C.F.R. § 103.5a(a) (1990) as guidance and adopt that definition in total, given that 8 C.F.R. § 103.5a(a) (1990) previously applied in defining "routine" versus "personal" service of an Order to Show Cause and there exists no currently applicable regulation defining these terms for purposes of 8 C.F.R. § 242.1(c) (1990).

(3) For purposes of defining "routine" and "personal" service within the meaning of 8 C.F.R. § 242.1(c) (1990), routine service consists of mailing a copy of a document by ordinary mail addressed to a person at his last known address, while personal service, which shall be performed by a government employee, consists of any of the following, without priority or preference: delivery of a copy personally; delivery of a copy at a person's dwelling house or usual place of abode by leaving it with some person of suitable age and discretion; delivery of a copy at the office of an attorney or other person, including a corporation, by leaving it with a person in charge; mailing a copy by certified or registered mail, return receipt requested, addressed to a person at his last known address.

(4) An alien's deportation hearing may not proceed in absentia where the Order to Show Cause is sent to the alien's address by regular mail and is not reserved by personal service as required by 8 C.F.R. § 242.1(c) (1990) after the alien fails to appear for the hearing or acknowledge that he has received the Order to Show Cause.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Adalsinda Lomangino, Esquire
780 N.W. 42nd Avenue, Suite 509
Miami, Florida 33126

ON BEHALF OF SERVICE:
Lisa Furbee Ford
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated January 21, 1988, an immigration judge found the respondent deportable as charged under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988), as an alien who had entered the United States without inspection, denied her applications for relief from deportation, and ordered her deported from the United States to Nicaragua. The decision was rendered following a hearing held in absentia due to the respondent's failure to appear. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the immigration judge.

The respondent, a native and citizen of Nicaragua, entered the United States without inspection on July 11, 1986. An Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) charging the respondent with deportability was issued on July 12, 1986, and was personally served on the respondent that same day. After the respondent conceded her deportability and submitted an application for relief from deportation, an immigration judge, on May 5, 1987, granted her motion for a change of venue from Harlingen, Texas, to Miami, Florida. Thereafter, the respondent failed to appear for a hearing scheduled for September 9, 1987, and the immigration judge administratively closed the case.[1] On October 15, 1987, the Immigration and Naturalization Service requested that the respondent's case be calendared for a continued hearing. That same day, the Service also issued a new Order to Show Cause, charging the respondent with the same ground of deportability and listing the exact same factual allegations listed in the prior Order to Show Cause. The new Order to Show Cause was sent to the respondent by regular mail. On October 19, 1987, the immigration judge granted the Service's motion and scheduled the respondent's next hearing for December 3, 1987. The hearing was subsequently rescheduled, and the respondent was sent notice, by electronic mail to her last known address, of a hearing scheduled for January 14, 1988. As noted above, the respondent failed to appear for the scheduled hearing, which proceeded in absentia.

On appeal, the respondent, through counsel, asserts that she never

---

[1] The immigration judge erred in administratively closing the case, as opposed to conducting the hearing in absentia, if the Immigration and Naturalization Service was willing to proceed with the case and establish the respondent's deportability. *See Matter of Munoz-Santos*, 20 I&N Dec. 205 (BIA 1990); *Matter of Lopez-Barrios*, 20 I&N Dec. 203 (BIA 1990); *Matter of Rosales*, 19 I&N Dec. 655 (BIA 1988); *Matter of Amico*, 19 I&N Dec. 652 (BIA 1988). However, it is not clear from the record whether the Service opposed administrative closure, and it did not file an interlocutory appeal of the immigration judge's action.

received either the new Order to Show Cause or the notice of the January 14, 1988, hearing.[2]

Section 242(b) of the Act, 8 U.S.C. § 1252(b) (1988), provides in pertinent part as follows:

> If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present.

A hearing in absentia is appropriate where the alien had notice of his hearing, had an opportunity to attend, and showed no reasonable cause for his failure to appear. *Maldonado-Perez v. INS*, 865 F.2d 328 (D.C. Cir. 1989); *Matter of Patel*, 19 I&N Dec. 260 (BIA 1985), *aff'd*, 803 F.2d 804 (5th Cir. 1986); *Matter of Marallag*, 13 I&N Dec. 775 (BIA 1971); *see also Matter of Haim*, 19 I&N Dec. 641 (BIA 1988). Additionally, applications for benefits under the Act are properly denied as abandoned or for lack of prosecution when the alien fails to attend the hearing or otherwise pursue them. *Reyes-Arias v. INS*, 866 F.2d 500 (D.C. Cir. 1989) (asylum); *Matter of Balibundi*, 19 I&N Dec. 606 (BIA 1988) (asylum); *Matter of Nafi*, 19 I&N Dec. 430 (BIA 1987) (exclusion); *Matter of Jaliawala*, 14 I&N Dec. 664 (BIA 1974) (adjustment of status); *Matter of Pearson*, 13 I&N Dec. 152 (BIA 1969) (visa petition).

Our review of the record shows that notice of the January 14, 1988, hearing was mailed to the respondent's correct address. However, the immigration judge erred in proceeding with an in absentia hearing on that date, as the Order to Show Cause had not been properly served on the respondent.

The regulation at 8 C.F.R. § 242.1(c) (1990) provides:

> Service of the order to show cause may be accomplished either by personal service or by routine service; however, when routine service is used and the respondent does not appear for hearing or acknowledge in writing that he has received the order to show cause, it shall be reserved by personal service.

As noted above, the October 15, 1987, Order to Show Cause was sent to the respondent by regular mail. Although 8 C.F.R. § 242.1(c) (1990) makes a distinction between "personal" and "routine" service, it does not provide any definition of those terms. To whatever extent they would be applicable to the manner in which an Order to Show Cause may be served, the Rules of Procedure for Immigration Judge Proceedings do not provide any definition or otherwise shed any light

---

[2]The Service asserts on appeal that the respondent's appellate brief, styled as a motion for remand, should be disallowed, in that she had previously been given the opportunity to file a brief but stated on her Notice of Appeal to the Board of Immigration Appeals (Form I-290A) that no brief would be filed. In the circumstances of this case, the Board does not find good cause for disallowing the brief.

as to how "routine service" is to be distinguished from "personal service." *See* 8 C.F.R. §§ 3.12—3.38 (1990). The procedural rules regarding service of documents in proceedings before immigration judges, set forth at 8 C.F.R. §§ 3.13 and 3.30 (1990), do define the term "service" but do not differentiate between "routine service" and "personal service."

The terms "routine service" and "personal service" are defined in detail by the regulations at 8 C.F.R. § 103.5a(a) (1990). However, this regulation only applies by its own language to the "authorized means of service by the Service on parties and on attorneys and other interested persons of notices, decisions, and other papers ... in administrative proceedings before Service officers." As service of an Order to Show Cause on an alien as a means of instituting deportation proceedings cannot be viewed, even under a strained reading of the regulation, to constitute "administrative proceedings before Service officers," 8 C.F.R. § 103.5a(a) (1990) is not directly or formally applicable to the definition of the terms "routine" and "personal" service as used in 8 C.F.R. § 242.1(c) (1990).

However, 8 C.F.R. § 103.5a(a) (1990) does remain relevant. In the absence of any formal regulatory definition of the terms "routine" and "personal" service as used in 8 C.F.R. § 242.1(c) (1990), it is the proper role and responsibility of this Board to interpret these terms so as to give effect to the regulatory intent and the policies and purposes of the immigration laws. *See* section 103 of the Act, 8 U.S.C. § 1103 (1988); 8 C.F.R. § 3.1(d) (1990). In this regard, we point out that 8 C.F.R. § 103.5a(a) did apply prior to 1983 in defining the manner in which an Order to Show Cause was to be served, because, at that time, deportation proceedings were conducted before and heard by Service officers, specifically "special inquiry officers." This regulation has not applied to the service of an Order to Show Cause since 1983, when deportation proceedings were no longer conducted before special inquiry officers within the Service, but instead were before immigration judges placed within the Executive Office for Immigration Review, which is separate and apart from the Service. *See* 8 C.F.R. Part 3 (1990); 52 Fed. Reg. 2931 (1987).

Given that 8 C.F.R. § 103.5a(a) (1990) previously applied in defining "routine" versus "personal" service of an Order to Show Cause, and there exists no currently applicable regulation defining these terms for purposes of 8 C.F.R. § 242.1(c) (1990), the Board concludes that it is appropriate and in accordance with regulatory intent and the underlying policies and purposes of the immigration laws to use the definition provided in 8 C.F.R. § 103.5a(a) (1990) as guidance and to adopt that definition in total.

Accordingly, for purposes of defining "routine" and "personal"

service within the meaning of 8 C.F.R. § 242.1(c) (1990), routine service consists of mailing a copy of a document by ordinary mail addressed to a person at his last known address. Personal service, which shall be performed by a government employee, consists of any of the following, without priority or preference:

(1) Delivery of a copy personally;

(2) Delivery of a copy at a person's dwelling house or usual place of abode by leaving it with some person of suitable age and discretion;

(3) Delivery of a copy at the office of an attorney or other person, including a corporation, by leaving it with a person in charge;

(4) Mailing a copy by certified or registered mail, return receipt requested, addressed to a person at his last known address.

Since the October 15, 1987, Order to Show Cause was sent by ordinary mail to the respondent's last known address, this constituted "routine" service under the interpretation of 8 C.F.R. § 242.1(c) (1990) now adopted by the Board. Because the respondent did not appear for the scheduled hearing and did not acknowledge in writing that she had received the Order to Show Cause, it had to be reserved by personal service in accordance with this regulation. A hearing could be held only after the Order to Show Cause had been personally served on the respondent and notice of a new hearing had been provided to her.

The Board acknowledges that the Order to Show Cause issued on July 12, 1986, had been personally served on the respondent. However, this document was of no effect, as it had been superseded by the Order to Show Cause issued on October 15, 1987, as the Service has acknowledged on appeal. It is not clear why the new Order to Show Cause was issued, but the respondent has speculated that the superseding order may have been issued because it is unclear from a reading of the document whether the prior order was signed and issued by an authorized officer of the Service. *See* 8 C.F.R. § 242.1(a) (1987).

As the October 15, 1987, Order to Show Cause was not properly served on the respondent, deportation proceedings would ordinarily be ordered terminated. In this case, however, it is clear from the respondent's appellate brief that counsel now has possession of the document. Since service on counsel constitutes service on the respondent, the Order to Show Cause need not be reserved on the respondent. *See* 8 C.F.R. § 292.5(a) (1990). Accordingly, the record will be remanded to the immigration judge for de novo deportation proceedings.

**ORDER:** The January 21, 1988, decision of the immigration judge is vacated, and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion, and for the entry of a new decision.

237