# In re A-N- & R-M-N-, Applicants

*Decided July 23, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Aliens seeking to reopen exclusion proceedings to apply for asylum and withholding of deportation who have presented evidence establishing materially changed circumstances in their homeland or place of last habitual residence, such that they meet the general requirements for motions to reopen, need not demonstrate "reasonable cause" for their failure to appear at the prior exclusion hearing.

Lea Greenberger, Esquire, Encino, California, for applicants

Richard J. Averwater, Assistant District Counsel, for the Immigration and Naturalization Service

Before:    Board En Banc: SCHMIDT, Chairman; HEILMAN, HOLMES, HURWITZ, VIL-
           LAGELIU, FILPPU, COLE, ROSENBERG, GUENDELSBERGER, GRANT,
           SCIALABBA, and MOSCATO, Board Members. Dissenting Opinion: MATHON,
           Board Member, joined by DUNNE, Vice Chairman; VACCA, and JONES, Board
           Members.

SCHMIDT, Chairman:

This case was last before us on April 19, 1991, when we summarily dismissed the applicants' appeal from an Immigration Judge's June 12, 1990, decision finding them inadmissible pursuant to section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(20) (1988), and ordering them excluded and deported from the United States.[1]  The

---

[1]Although additional grounds of inadmissibility were alleged, the Immigration Judge found the applicants inadmissible only under section 212(a)(20) of the Act. This ground of exclusion was revised and redesignated as section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (Supp. II 1990), by section 601(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5067, 5074. The amendment applies to individuals entering the United States on or after June 1, 1991. *Id.* § 601(e), 104 Stat. at 5077. Subsequently, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, combined what were separate exclusion and deportation proceedings into a unified removal proceeding. *See Matter of Rosas*, 22 I&N Dec. 3384 (BIA 1999).

applicants' exclusion hearing before the Immigration Judge was conducted in absentia, as neither appeared for the scheduled proceedings. In a motion submitted on September 30, 1996, the applicants requested that this Board reopen the exclusion proceedings so that they might seek asylum or withholding of deportation pursuant to sections 208(a) and 243(h) of the Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1994).[2] That motion will be granted.

The applicants, natives and citizens of Afghanistan, request an opportunity to apply for asylum or withholding of deportation based on changed country conditions in their homeland which have taken place since their scheduled exclusion hearing. The issue before us is whether the applicants must demonstrate "reasonable cause" for their failure to appear at the prior exclusion hearing before they will be permitted to seek the requested relief. We hold that the applicants need not demonstrate "reasonable cause" to pursue such relief if the record establishes materially changed circumstances in their homeland or place of last habitual residence, such that they meet the general requirements for motions set forth at 8 C.F.R. §§ 3.2(c)(1) and (3)(ii) (1997).

## I. ANALYSIS

### A. Timeliness of Filings by the Applicants and the Service

As an initial matter, we find that the applicants timely filed their motion to reopen in accordance with the general requirements for motions. The Service asserts in its opposition that the motion was untimely filed on October 30, 1996. *See generally Matter of Mancera*, 22 I&N Dec. 3353 (BIA 1998) (involving deportation proceedings conducted in absentia pursuant to former section 242(b) of the Act, 8 U.S.C. § 1252(b) (1994)). However, the record reflects that it was timely filed with the Board on September 30, 1996. *See* 8 C.F.R. § 3.2(c)(2) (1997). Moreover, we have held that the time and numerical limitations do not apply to motions to reopen in absentia exclusion hearings. *See Matter of N-B-,* 22 I&N Dec. 3381 (BIA 1999).

As to the applicants' assertion that the Service's response to their motion was untimely filed, we note that their initial motion to reopen depicted incorrect "A- numbers" and that no briefing schedule was issued

_____

[2]The applicants supplemented their motion with a filing dated February 3, 1999, which included additional evidence relating to current country conditions in their homeland. The filing was properly served on the Immigration and Naturalization Service.

to the parties. Accordingly, we will consider the Service's filings in the exercise of our discretion. *See* 8 C.F.R. § 3.2(g)(3) (1999).

## B. Reopening of Exclusion Proceedings Conducted In Absentia To Apply for Asylum and Withholding of Deportation

### 1. Reasonable Cause

The applicants argue that they had "reasonable cause" for failing to appear at the June 12, 1990, scheduled exclusion hearing. In particular, while acknowledging that they received notice of the hearing date, they contend that they reasonably relied on their attorney to change the venue of their hearing from New York, New York, to Los Angeles, California.

Notwithstanding the applicants' assertions in their motion, the record clearly reflects that they received sufficient notice of the scheduled exclusion hearing. Separate notices of hearing were properly served at the applicants' last known address. The service of the notices compelled the applicants to appear for the exclusion hearing in New York. *See Matter of Peugnet*, 20 I&N Dec. 233 (BIA 1991); *Matter of Munoz-Santos*, 20 I&N Dec. 205 (BIA 1990).

The applicants received proper notice of their hearing. Their argument that they relied on their attorney to change the venue does not demonstrate a "reasonable cause" for their failure to attend the June 12, 1990, scheduled hearing. *See Matter of R-R-,* 20 I&N Dec. 547 (BIA 1992) (citing *Matter of Patel,* 19 I&N Dec. 260 (BIA 1985) *aff'd*, 803 F.3d 804 (5th Cir. 1986)). Notwithstanding, we do not find the applicants' failure to establish reasonable cause to be dispositive in determining whether their case should be reopened.

### 2. Materially Changed Circumstances

The Service argues that the applicants' failure to demonstrate "reasonable cause" prohibits the reopening of proceedings regardless of any changed country conditions in Afghanistan subsequent to the June 12, 1990, in absentia hearing. *See Matter of Haim*, 19 I&N Dec. 641 (BIA 1988). We find that a showing of "reasonable cause" is not required before an alien will be permitted to pursue an application for asylum or withholding of deportation based on changed country conditions. Rather, an alien who seeks to reopen proceedings for such a purpose must meet other criteria for reopening. *See Matter of M-S-,* 22 I&N Dec. 3369 (BIA 1998). In particular, in the context of an application for asylum or withholding of deportation, we will reopen proceedings if an alien demonstrates materially changed circumstances in his or her homeland or place of last habitual residence, such that the record demonstrates a reasonable likelihood of success

955

on the merits of the application. *Id.*

As an initial matter, we note that the language of section 236(a) of the Act, 8 U.S.C. § 1226(a) (1988), is silent as to whether an order of exclusion may be entered in absentia. *See Matter of Nafi*, 19 I&N Dec. 430 (BIA 1987).[3] Similarly, the federal statutes do not provide direct guidance for the adjudication of a motion to reopen an exclusion hearing which was conducted in absentia. Nevertheless, we find guidance for the criteria in our prior administrative decisions and recent federal regulations.

In *Matter of Ruiz,* 20 I&N Dec. 91, 92 (BIA 1989), we held that an alien requesting the reopening of proceedings "must state the new facts he intends to establish, supported by affidavits or other evidentiary material." We additionally indicated that "reasonable cause" need only be shown in the limited circumstance where the alien moves to reopen proceedings based on the propriety of the adjudication of the case through an in absentia hearing.

Regulations promulgated after our decision in *Matter of Ruiz, supra,* further provide a general exception to restrictions on motions to reopen to apply for asylum or withholding of deportation if materially changed circumstances are shown. 8 C.F.R. §§ 3.2(c)(1), (3)(ii); *see also Matter of J-J-, 21 I&N Dec. 976 (BIA 1997).* In essence, the regulations prescribe that the alien need satisfy only the general requirements for motions. *See generally Matter of Gutierrez*, 21 I&N Dec. 479 (BIA 1996); *Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992). Thus, the alien must proffer, in part, sufficient evidence to demonstrate a reasonable likelihood of success on the merits so as to make it worthwhile to develop the issues further at a full evidentiary hearing. *Matter of M-S-, supra*. The alien must further demonstrate that he or she warrants a grant of the motion in the exercise of discretion. *INS v. Doherty*, 502 U.S. 314, 315-16 (1992). As the basis of the applicants' motion is not that the Immigration Judge improperly conducted their exclusion hearing in absentia, we find they need not demonstrate reasonable cause to reopen the proceedings.

Applying this analysis to the immediate case, the applicants argue in their motion to reopen that they can present materially changed circumstances which will establish that "country conditions in [their] country have drastically changed for the worse since [their] departure from Afghanistan in 1990." In light of the changes, the applicants assert that they have a well-founded fear of persecution in their homeland because it

---

[3]Notwithstanding the lack of direct statutory authorization, we have held that just as an Immigration Judge may conduct deportation proceedings in absentia pursuant to former section 242(b) of the Act, an Immigration Judge has the authority to conduct exclusion proceedings in absentia. *Matter of Nafi, supra.*

is controlled by an "ultra-conservative movement known as the Taliban." In particular, they argue that the Taliban persecutes "similarly situated" individuals. The applicants conclude that they would be subject to persecution on account one of the following five grounds protected by the Act: race, religion, nationality, membership in a particular social group, and political opinion. *See* section 101(a)(42) of the Act, 8 U.S.C. § 1101(a)(42) (1994) (defining "refugee").

The applicants argue that the evidence of record and their particular situations support a finding that their cultural practices conflict with Taliban governance and would result in persecution should they return to Afghanistan. The female applicant fears that she would be "raped and murdered because of [her] political and religious beliefs and practices by [the Taliban]." She fears that she would be targeted in her homeland for persecution in that she is a college-educated female who has adopted a "Western" mode of clothing and who desires to work outside the home, namely as a primary school teacher.

Moreover, she fears persecution on account of her association with Christians. In particular, she fears that the Taliban would deem her guilty of apostasy as she has entered into friendships with Christians and has attended Christian church services.

Similarly, the male applicant fears persecution in his homeland because he believes that the Taliban would impute to him a "pro-Western" political opinion. Furthermore, he is afraid of persecution based on his Christian and Jewish friendships. He is not a believer in the Taliban's interpretation of Islam. Finally, the male applicant notes that he has experienced and adopted many aspects of "Western" culture.

We find that the applicants have met the general requirements for motions and that the record contains sufficient evidence to indicate a reasonable likelihood that their applications may succeed on the merits. The applicants' motion is supported by substantial documentary evidence. The evidence submitted includes their respective applications for asylum, affidavits executed by the applicants, and various recent reports relating to current conditions in Afghanistan.

The documentary evidence submitted with the applicants' motion includes several accounts detailing the current country conditions in Afghanistan. In particular, the evidence addresses the plight of women under the Taliban. The reports indicate that "[t]he emergence of the Taleban [sic] in 1994 created a new layer of human rights abuse against women, who are banned from employment, education and leaving home without a male relative. Women who wear nail varnish could have their fingers chopped off, and thousands have been beaten in the streets for defying Taleban [sic] orders." Amnesty International, *Human Rights and Gender in Afghanistan,* AI Index: ASA 11/02/98 (March 1998). Moreover, the evidence submitted includes a recent report by the United States Department

957

of State. The report indicates that "[s]erious human rights violations continue to occur [in Afghanistan] . . . . Political killings, torture, rape, arbitrary detention, looting, abductions, and kidnapings for ransom were committed by armed units, local commanders, and rogue individuals." Committees on International Relations and Foreign Relations, 105th Cong., 2d Sess., *Country Reports on Human Rights Practices for 1997* 1605, 1606 (Joint Comm. Print 1998) [hereinafter *Country Reports*].

The evidence of record additionally indicates that conditions in Afghanistan have changed for individuals who do not practice Islam in accordance with the Taliban. The Department of State's report states that the Taliban "have declared that all Muslims must abide by the Taliban's interpretation of Islamic law." *Country Reports, supra*, at 1610. The group has sought "to impose their extreme interpretation of Islamic observance." *Id.* at 1609. For example, "a man who has shaved or cut his beard may be imprisoned until his beard grows back." *Id.* at 1610. The applicants have submitted evidence that their beliefs substantially differ from that of the Taliban in the observance of Islam. Accordingly, they fear that the Taliban would consider them guilty of apostasy on account of their associations with Christians and their adoption of "Western" culture. In the form of an affidavit, the applicants submitted evidence that the Taliban has subjected those who are classified as apostates to immediate arrest, imprisonment, and execution. In view of the totality of the evidence, the applicants have demonstrated that conditions have dramatically changed in Afghanistan for Muslims who do not abide by the Taliban's interpretation of Islam.

The applicants have demonstrated materially changed country conditions in Afghanistan since the date of the Immigration Judge's decision. *See generally Matter of N-M-A-*, 22 I&N Dec. 3368 (BIA 1998) (remanding exclusion proceedings to an Immigration Judge for consideration of an application for asylum and withholding of deportation in light of changed country conditions in Afghanistan that resulted in Taliban governance). Furthermore, in light of the current country conditions and the totality of the evidence, the record reflects a reasonable likelihood of success for the applicants' asylum claim. *Matter of M-S-, supra*. Accordingly, we conclude that the applicants have satisfied the general requirements for reopening exclusion proceedings to apply for asylum based on materially changed country conditions in their homeland.

### 3. Discretion

The exercise of discretion in a particular case necessarily requires consideration of all the facts and circumstances involved in immigration proceedings. This Board may deny a motion to reopen for purely discretionary reasons even where the record reflects that significant grounds exist for reopening based on the applicants' actions. *See Matter of Pena-Diaz*, 20

I&N Dec. 841 (BIA 1994). The exercise of discretion in a particular case necessarily requires consideration of all the facts and circumstances involved. *Matter of Coelho, supra*.

Turning to the applicants' motion, we find their failure to appear for the June 12, 1990, exclusion hearing to be a very serious adverse factor. *See Matter of M-S-, supra* (finding that an Immigration Judge should determine in each individual case the weight to be accorded to an alien's explanation for failing to appear and whether such explanation is a favorable or adverse factor with respect to a discretionary determination). However, we note that the Service was not prejudiced by their absence. The Immigration Judge properly conducted the hearing in absentia, found the applicants to be inadmissible, and issued orders of exclusion and deportation. *Matter of Nafi, supra; see also, e.g., Matter of S-A-,* 21 I&N Dec. 1050 (BIA 1997); *Matter of N-K- & V-S-*, 21 I&N Dec. 879 (BIA 1997). The finding of inadmissibility is not challenged by the applicants.

As the applicants have met the burden of demonstrating a reasonable likelihood of success in relation to their respective asylum claims, we do not find the fact that they remained in the United States after the issuance of a deportation order sufficient to deny their reopening request as a matter of discretion. *See generally Arrozal v. INS*, 159 F.3d 429 (9th Cir. 1998) (holding that an alien's failure to report for deportation is but one factor to consider in a discretionary analysis); *cf. Matter of Barocio*, 19 I&N Dec. 255 (BIA 1985) (finding that an alien in deportation proceedings who fails to report to the Service following *notification* to report for immediate deportation does not merit the favorable exercise of discretion required for reopening). Upon consideration of all the factors of record, we find that the applicants merit reopening in the exercise of discretion.

## II. CONCLUSION

The applicants failed to demonstrate "reasonable cause" for failing to attend their June 12, 1990, exclusion hearing. However, we find it appropriate to reopen the proceedings because the applicants have satisfied the general regulatory requirements for motions to reopen. In particular, the applicants have presented materially changed circumstances in Afghanistan which, in view of the totality of the evidence, demonstrate a reasonable likelihood of success on the merits of an application for asylum or withholding of deportation. Accordingly, we will reopen the proceedings and remand the record to the Immigration Judge for further consideration of their respective asylum applications.

At the reopened hearing, the applicants bear the evidentiary burdens of proof and persuasion. *See Matter of S-M-J-,* 21 I&N Dec. 722 (BIA 1997). In addition, both the applicants and the Service will have an opportunity to

present evidence at the hearing regarding conditions in Afghanistan and the applicants' persecution claims.

**ORDER:** The motion to reopen is granted and the exclusion proceedings are reopened.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with this opinion and for the entry of a new decision.

*DISSENTING OPINION:* Lauren R. Mathon, Board Member, in which Mary Maguire Dunne, Vice Chairman; Fred W. Vacca, and Philemina McNeill Jones, Board Members, joined

I respectfully dissent.

I disagree with the majority's finding that the applicants need not demonstrate a reasonable cause for their failure to attend a scheduled exclusion hearing before they will be permitted to reopen the proceedings to apply for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h) (1994). The record reflects that the applicants failed to attend a June 12, 1990, exclusion hearing for which they received notice. The Immigration Judge conducted an in absentia hearing pursuant to section 236(a) of the Act, 8 U.S.C. § 1226(a) (1988). He found the applicants inadmissible and ordered each excluded and deported from the United States. The applicants now seek to reopen the proceedings so that they may apply for relief from exclusion and deportation based on materially changed circumstances in their homeland. However, I find that this Board's prior decisions and the statutory framework of the Act require that the applicants demonstrate a reasonable cause for their failure to appear before they may reopen their exclusion proceedings.

## I. APPLICABLE LAW

Pursuant to section 236(a) of the Act, when an applicant for admission has notice of his or her exclusion hearing and fails to appear, an Immigration Judge may, in his or her discretion, find that the applicant has failed to establish his or her admissibility and has abandoned any application for relief and may further order the applicant excluded and deported. *Matter of Haim*, 19 I&N Dec. 641 (BIA 1988). It is well established that an alien must show reasonable cause for his or her absence in order for exclusion proceedings to be reopened after a hearing is held in absentia. *Matter of S-A-,* 21 I&N Dec. 1050 (BIA 1997). In particular, an alien who seeks to reopen exclusion proceedings held in absentia in order to apply for asylum and withholding of deportation under sections 208(a) and 243(h) of

the Act must demonstrate reasonable cause for his or her failure to appear before the alien is permitted the opportunity to present a request for relief at a hearing. *Matter of Ruiz*, 20 I&N Dec. 91, 93 (BIA 1989). Once an alien establishes reasonable cause for his or her failure to appear, a motion to reopen the proceedings will be granted without first requiring that the alien establish prima facie eligibility for the relief sought. *Id.*

## II. ANALYSIS

In this case, the Immigration Judge found the applicants inadmissible and ordered them excluded and deported in absentia pursuant to section 236(a) of the Act. The applicants, in their motion dated September 30, 1996, acknowledge that they must demonstrate reasonable cause in order to reopen their proceedings held in absentia. *See Matter of S-A-, supra*. They argue that the totality of the circumstances demonstrates good faith, diligence in attempting to cooperate with the Immigration Court and submit to its procedures, and good cause not to appear at the scheduled hearing due to actual lack of notice. In particular, the applicants state they did not receive proper notice of their scheduled hearing because they retained an attorney who failed to inform them of any scheduled hearing in the matter.

The record of proceedings reflects that on May 24, 1990, notice was sent to the applicants' last known address advising them that a master calendar hearing would be held in their case on June 12, 1990, in New York, New York. The applicants admit that they received notice, but they argue that they failed to attend the scheduled hearing on the mistaken belief that their attorney would have the venue of the hearing changed to Los Angeles. However, the service of the notice of hearing provided was sufficient to compel their attendance at the New York master calender hearing. *See Matter of Peugnet*, 20 I&N Dec. 233 (BIA 1991); *Matter of Munoz-Santos*, 20 I&N Dec. 205 (BIA 1990). The notice sent to the applicants' last known address was proper service and, therefore, the proceeding was properly conducted in absentia. The applicants have not demonstrated reasonable cause for their failure to appear at the June 12, 1990, exclusion hearing. *See Matter of R-R-,* 20 I&N Dec. 547 (BIA 1992) (citing *Matter of Patel*, 19 I&N Dec. 260 (BIA 1985), *aff'd*, 803 F.3d 804 (5th Cir. 1986)).

The majority argues in part that our recent decision *Matter of M-S-,* 22 I&N Dec. 3369 (BIA 1998), suggests that there is no legitimate bar to a motion that seeks to reopen proceedings in order to apply for asylum where a prima facie showing of materially changed circumstances has been demonstrated. However, this Board clearly indicated in *Matter of Ruiz*, *supra*, that an alien previously found inadmissible and ordered deported at a hearing held in absentia must demonstrate a reasonable cause for his or her failure to appear before he or she is permitted to apply for asylum.

Furthermore, the immediate proceedings fundamentally differ from deportation proceedings conducted in absentia pursuant to former section 242B of the Act, 8 U.S.C. § 1252b (1994).[1]  Section 242B of the Act is not applicable to exclusion proceedings conducted in absentia, as it is restricted to deportation cases that arise on or after June 13, 1992. *See Matter of Gonzalez-Lopez*, 20 I&N Dec. 644, 645 (BIA 1993).  As such, our recent precedent in *Matter of M-S-, supra*, is not applicable to these proceedings because it applies only to proceedings conducted pursuant to section 242B of the Act.

Prior to the Immigration and Nationality Act of 1952, a final order against an alien could only be issued at an immigration hearing at which the alien was in attendance. *See generally* H.R. Rep. No. 82-1365 (1952) (addressing deportation proceedings conducted in absentia pursuant to section 242(b) of the Act, 8 U.S.C. § 1252(b) (1952)), *reprinted in* 1952 U.S.C.C.A.N. 1653, 1712. This Board has held that section 236(a) may be used to prevent aliens from frustrating the immigration process by refusing, without legitimate cause, to attend a scheduled hearing or leaving a hearing at their own pleasure and without other than contumacious reasons. *See Matter of Nafi,* 19 I&N Dec. 430, 431 (BIA 1987).  The requirement that an applicant demonstrate reasonable cause for failure to appear is a reflection of Congress' intent to prevent the frustration of the immigration process. To find otherwise would permit aliens to avoid immigration proceedings until they have developed prima facie eligibility for relief from exclusion and deportation. *See Matter of Nafi, supra* (finding that, but for the Immigration Judge's ability to conduct a hearing in absentia at her discretion, an alien could remain in the United States indefinitely by simply refusing to appear for a hearing).  The majority opinion is not consistent with the overall statutory scheme of section 236(a) of the Act.

Accordingly, for the foregoing reasons, I would deny the applicants' motion to reopen.

---

[1]The statutory language governing in absentia *deportation* proceedings under former section 242B of the Act now appears in almost identical form in section 240(b)(5) of the Act, 8 U.S.C. § 1229a(b)(5) (Supp. II 1996), which governs in absentia removal proceedings. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-108, § 304(a)(3), 110 Stat. 3009-546, 3009-589 ("IIRIRA"), *amended by* Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, tit. II, 111 Stat. 2193 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997) ("NACARA").  As a general matter, persons in deportation or exclusion proceedings begun before April 1, 1997, are not subject to the changes made by the IIRIRA. *Matter of Nolasco*, 22 I&N Dec. 3385 (BIA 1999) (citing IIRIRA § 309(c)(1), 110 Stat. at 3009-625).  Immigration Judges should continue to adjudicate those cases as they arise.