09-1419-ag
Singh v. Holder

BIA
Weisel, IJ
A072 764 161

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of March, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        PETER W. HALL,
            *Circuit Judges.*

_____

YOGA SINGH,
        *Petitioner*,

        v.                                   09-1419-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        William Frick, Seattle, Washington.[1]

FOR RESPONDENT:        Tony West, Deputy Assistant Attorney

_____

[1] Petitioner's prior counsel, Martin Avila Robles, submitted a brief in this case. Although he was later granted leave to withdraw as counsel, his brief remains a part of the record, and we have considered it.

**General; Greg D. Mack, Senior Litigation Counsel; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED. Petitioner's motion to remand is also DENIED.

Petitioner Yoga Singh, a native and citizen of India, seeks review of the March 17, 2009, order of the BIA, affirming the October 3, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his motion to reopen. *In re Yoga Singh*, No. A072 764 161 (B.I.A. Mar. 17, 2009), *aff'g* No. A072 764 161 (Immig. Ct. N.Y. City Oct. 3, 2008). Singh also moves this Court to remand his case to the BIA pending adjudication of his application for adjustment of status. We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I. Motion to Remand**

As a preliminary matter, we will deny Singh's motion for a "Continuance/Remand." Singh alleges that remand is appropriate because he is eligible for adjustment of status under *Matter of Yauri*, 25 I.& N. Dec. 103 (BIA 2009), and

2

that he has an adjustment application pending with U.S.C.I.S. As a general matter, we may not consider evidence that is not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A). To the extent we retain any inherent equitable power to remand, such relief is not warranted in this case. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007).

**II. Petition for Review**

We also deny the petition for review. Motions to reopen *in absentia* exclusion orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353-55 (BIA 1998) (*en banc*). Accordingly, when, as here, an alien files a motion that seeks both rescission of an *in absentia* exclusion order, and reopening of proceedings to apply for new relief, we treat the BIA's decision as having denied distinct motions to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). We review the BIA's denial of a motion to reopen or to rescind an *in absentia* removal order for abuse

3

of discretion.  *See Alrefae*, 471 F.3d at 357.

**A.   Motion to Rescind**

The agency's regulations provide that motions to rescind *in absentia* orders of exclusion are not subject to time or numerical limitations, but the alien must nonetheless demonstrate that he had reasonable cause for his failure to appear.  *See*

8 C.F.R. § 1003.23(b)(4)(B); *Matter of N-B-*, 22 I.& N. Dec. 590, 591 (BIA 1999).  Even though Singh was in exclusion proceedings and there was no deadline applicable to his motion to rescind, *see Matter of N-B-*, 22 I. & N. Dec. at 593, it does not follow that the BIA was foreclosed from denying his motion as a matter of discretion, based on its finding that Singh failed to exercise due diligence in the eight years after he became aware he had been ordered excluded.  *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court's requirement that aliens exercise due diligence in the equitable tolling context applies with equal force in this situation.  *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273 -274 (2d Cir. 2006) ("[I]t would be ironic, indeed, if

4

petitioners . . . who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.").  Thus, the agency reasonably denied Singh's motion to rescind based on his lack of due diligence.[2]  *See INS v. Abudu*, 485 U.S. 94, 105, 107-08 (1988).

**B.   Motion to Reopen**

The agency also did not abuse its discretion in denying Singh's motion to reopen. "A motion to reopen proceedings shall state the new facts that will be proven at a hearing . . . and shall be supported by affidavits and other evidentiary material."  8 C.F.R. § 1003.2(c)(1);  *see also Twum*, 411 F.3d at 58 n.2 ("[T]he BIA has also held that

---

[2] Contrary to Singh's argument, because the BIA reviews an IJ's discretionary decisions *de novo*, it did not act *ultra vires* or engage in impermissible factfinding by reaching the same conclusion based upon different reasoning and evidence in the record. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of A-S-B-*, 24 I. & N. Dec. 493, 498 (BIA 2008).

5

exclusion proceedings conducted *in absentia* may also be reopened absent a showing of reasonable cause where the respondent seeks asylum or withholding of removal and has made a proper showing of changed country conditions creating a reasonable likelihood of success on the merits."). In his motion, Singh merely stated his intent to apply for asylum without providing any evidentiary support for his claim. Thus, the agency reasonably determined that he failed to demonstrate his *prima facie* eligibility for relief from exclusion. *See Abudu*, 485 U.S. at 104-05; *Matter of A-N- & R-M-N-*, 22 I.& N. Dec. 953, 956 (BIA 1999).

For the foregoing reasons, the motion to remand and the petition for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6