07-5406-ag
Lin v. Holder

BIA
Hom, IJ
A073 134 465

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand ten.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> JON O. NEWMAN,
> PIERRE N. LEVAL,
>> *Circuit Judges.*

_____

DIAN WEI LIN,
> *Petitioner,*

     v.                              **07-5406-ag**
                                          **NAC**

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,<sup>*</sup>
> *Respondent.*

_____

     <sup>*</sup> Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

08232010-24

**FOR PETITIONER:** Douglas B. Payne, New York, New York.

**FOR RESPONDENT:** Michael F. Hertz, Acting Assistant Attorney General; Douglas E. Ginsburg, Senior Litigation Counsel; Lyle D. Jentzer, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Dian Wei Lin, a native and citizen of China, seeks review of a November 7, 2007, BIA order affirming the February 28, 2007, decision of Immigration Judge Sandy K. Hom, which denied his motion to reopen. *In re Dian Wei Lin*, No. A073 134 465 (B.I.A. Nov. 7, 2007), *aff'g* No. A073 134 465 (Immig. Ct. N.Y. City Feb. 28, 2007). Lin's motion to reopen was based on his claim that he fears persecution on account of the birth of his U.S. citizen children in violation of China's family planning policy. For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008), we find no error in the agency's denial of Lin's motion to reopen. *See id.* at 168-72.

As the government contends, Lin's arguments concerning the IJ's underlying *in absentia* exclusion order are unavailing. To the extent Lin argues that he was not required to seek rescission in order to pursue reopening, the BIA's decision is not to the contrary; indeed, it explicitly held that rescission was not required. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006) (finding that a motion that seeks rescission of an *in absentia* order is treated as distinct from a motion to reopen proceedings based on new evidence); *see also Matter of A-N- & R-M-N-*, 22 I & N Dec. 953, 956 (B.I.A. 1999) (holding that a movant need not show reasonable cause for his failure to appear at a hearing in order to reopen his immigration proceedings if the basis of the movant's motion is not that the IJ erred in ordering him excluded *in absentia*). To the extent Lin argues that the BIA failed to consider whether he received proper notice of the consequences of failing to appear, it was under no obligation to do so because Lin never suggested before the IJ that he did not receive proper notice.

For the foregoing reasons, this petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk