**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KULWANT KAUR; et al.,

Petitioners,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-71522

Agency Nos.  A075-304-539
       A075-304-540
       A075-304-541

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2015[**]
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges and KOBAYASHI,[***] District Judge.

 Kulwant Kaur, Manpreet Kaur, and Gurpreet Singh petition for review of the

Board of Immigration Appeals' ("BIA") order dismissing their appeal of the

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

Immigration Judge's ("IJ") decision to reopen removal proceedings and terminate their grant of asylum on the basis of fraud. We have jurisdiction under 8 U.S.C. § 1252(a)(1). For the following reasons, we deny the petition for review.

**1.** The IJ did not abuse her discretion in granting the Department of Homeland Security's ("DHS") motion to reopen removal proceedings. *See Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007). The DHS submitted with its motion an affidavit from a United States Citizenship and Immigration Services ("USCIS") officer who had reviewed Petitioners' immigration documents and interviewed Petitioners' family and neighbors. From this investigation, the officer concluded that Petitioner Kulwant Kaur ("Kaur") had falsely asserted in her 1997 asylum application that her husband was missing in India when, in fact, he was residing in the United States and even attended her 1998 asylum hearing. Because Petitioners' asylum claim was predicated on Kaur's husband's disappearance, the IJ did not err in finding that the officer's affidavit demonstrated a likelihood of success on the merits. *See Matter of A-N- & R-M-N-*, 22 I. & N. Dec. 953, 955-56 (B.I.A. 1999).

**2.** Substantial evidence supported the IJ's decision to terminate Petitioners' grant of asylum. *See* 8 U.S.C. § 1252(b)(4)(B). The DHS established by a preponderance of the evidence that Petitioners' grant of asylum had been obtained

through fraud.  *See* 8 C.F.R. § 1208.24(a)(1), (f).  The IJ did not err in crediting the USCIS officer's testimony nor in drawing a negative inference from Petitioners' failure to testify.

**DENIED.**