**Rohit Atmaram PATEL, Petitioner,**

v.

**John ASHCROFT, Attorney General, United States of America, Respondent.**

No. 04–1287.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 14, 2005.

Decided Feb. 18, 2005.

John S. Glaser, Manulkin, Glaser & Bennett, Fountain Valley, CA, for Petitioner.

Anthony W. Norwood, United States Department of Justice, Washington, DC, for Respondent.

Before SLOVITER, AMBRO, and ALDISERT, Circuit Judges.

*OPINION*

SLOVITER, Circuit Judge.

Petitioner Rohit Atmaram Patel seeks review of the order of the Board of Immigration Appeals denying his Motion to Reconsider its previous order denying his Motion to Reopen. This court has jurisdiction to review this final order under 8 U.S.C. § 1252. *See also Nocon v. Immigration & Naturalization Serv.,* 789 F.2d 1028, 1032 (3d Cir.1986) ("[W]e can review ... orders denying motions to ... reconsider."). For the reasons stated below, we will deny Patel's Petition for Review.

**I.**

Patel is a citizen of India and is a member of the Hindu faith. Before coming to the United States, Patel lived in Gujarat, which is an Indian province bordering Pakistan. Patel entered the United States on or around December 15, 1992 and, within a year of his entry, filed two asylum applications.

On April 2, 1998, the former Immigration and Naturalization Service ("INS")[1] issued a Notice to Appear charging Patel with removability. This notice directed Patel to appear before the United States Immigration Court in Philadelphia, Pennsylvania on July 16, 1998 for a master calendar hearing. Patel, however, failed to so appear. As a result, on July 16,

1998, the Immigration Judge ("IJ") proceeded *in absentia, see* 8 U.S.C. § 1229a(b)(5)(A), and thereafter ordered Patel removed to India. The IJ's order of removal was served on Patel by mail at his address of record.

Meanwhile, Patel had mailed the IJ a letter supported by a doctor's note stating that he was suffering from ophthalmic injuries, unable to attend the July 16, 1998 hearing, and therefore required a continuance. This letter, however, was both postmarked and received by the IJ after the July 16, 1998 hearing date. As the IJ later noted, he "did not receive [Patel's] correspondence until several days after [he] had issued the removal order and closed the hearing." A.R. 148. Thus, although the letter requested a continuance, the IJ did not rule on this request.

In December 2000 Patel married Parul Patel ("Parul"), a United States citizen. Subsequently, Patel and Parul had two children, both of whom are also United States citizens. On April 30, 2001, Parul, petitioning on Patel's behalf, received a favorable ruling on her Petition for Alien Relative, also known as a "I–130 Petition," based on their marriage. *See generally United States v. Atandi,* 376 F.3d 1186, 1191 (10th Cir.2004).

In summer 2001, almost three years after the IJ ordered Patel removed, Patel filed a Motion to Reopen, which asked the IJ to rescind the *in absentia* order and reopen his removal proceedings. In support of this motion, Patel argued that due to alleged changed country conditions in India pertaining to Hindu–Muslim relations, the IJ should reopen the proceed-

---

**1.** As of March 2003, "the INS ceased to exist as an independent agency within the United States Department of Justice ['DOJ'] and its functions were transferred to the newly formed United States Department of Homeland Security." *Leia v. Ashcroft,* 393 F.3d 427, 430 n. 4 (3d Cir.2005). The Board of Immigration Appeals remains within the DOJ. *Knapik v. Ashcroft,* 384 F.3d 84, 86 n. 2 (3d Cir.2004) (citing Homeland Security Act of 2002, Pub. L. No. 107–296, §§ 441, 451, 471, 116 Stat. 2135 (2002)).

ings and grant Patel asylum. Patel did not include an asylum application with this motion,[2] but did include a 2000 Country Report on India prepared by the United States Department of State, as well as an article on Hindu–Muslim relations he apparently obtained from the Internet. Patel also contended that "exceptional circumstances"—specifically his ophthalmic injury—prevented him from appearing at the earlier IJ hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (providing that removal order imposed *in absentia* may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances ...)"; *see also* 8 C.F.R. § 1003.23(b)(4)(ii). He further noted that he was the beneficiary of an approved I–130 Petition filed by his United States citizen spouse.

The IJ, by way of an order entered October 9, 2001, denied Patel's Motion to Reopen. Insofar as Patel had claimed "exceptional circumstances," the IJ ruled that the motion, which Patel had filed in the summer of 2001 and hence well after the controlling 180–day time limit, was untimely. *See generally* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). Alternatively, the IJ found that even if Patel had complied with the 180–day time limit, his claimed ophthalmic injuries did not rise to the level of "exceptional circumstances" sufficient to excuse his failure to appear. A.R. 148. The IJ, however, did not address Patel's other arguments, namely, the arguments based upon Patel's marriage to Parul and the purported changed country conditions in India.

Patel timely appealed the IJ's denial of his Motion to Reopen to the Board of Immigration Appeals ("BIA" or "Board"), which, pursuant to an opinion and order entered November 26, 2002, affirmed the IJ's decision. First, the BIA affirmed the IJ's denial of Patel's claim for "exceptional circumstances.'" A.R. 38. The BIA found that because the INS had served notice at Patel's most recently provided address, *see generally* 8 U.S.C. § 1229a(b)(5)(A), Patel had received sufficient notice of the July 16, 1998 hearing and simply had not established "'exceptional circumstances'" sufficient to justify his failure to appear or to warrant reopening. A.R. 38.[3]

Next, with respect to Patel's argument regarding his approved I–130 Petition filed by his citizen spouse, the BIA, citing *In re M–S–*, 22 I & N Dec. 349 (BIA 1998), ruled that Patel's motion on that score was "untimely as it was filed more than 90 days after the date on which a final order of deportation was entered...." A.R. 38. The BIA thus rejected Patel's argument that his approved I–130 Petition entitled him to a reopening of his removal proceedings.

Finally, respecting Patel's Motion to Reopen based on the purported changed country conditions and his attendant alleged entitlement to asylum, the BIA noted that motions to reopen made on the basis of changed country conditions are not subject to any time limits. *See generally* 8 U.S.C. § 1229a(c)(6)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). Thus, the BIA noted that no time bar impeded this facet of Patel's Motion to Reopen. Nonetheless,

**2.** As noted above, however, Patel had filed two asylum applications within a year of his initial entry in 1992.

**3.** The BIA's November 26, 2002 opinion did not address the 180–day requirement of 8 U.S.C. § 1229a(b)(5)(C)(i) and 8 C.F.R. § 1003.23(b)(4)(ii) or Patel's failure to comply therewith.

the BIA found that, although Patel argued changed country conditions, his motion was defective because he had not "filed an asylum application with his motion...." A.R. 39; *see generally* 8 C.F.R. § 1003.23(b)(3) ("Any motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents."). The BIA also held that Patel had not "demonstrated that he has a well-founded fear of persecution" based on the purported changes in country conditions. A.R. 39. Thus, the BIA ruled that Patel had failed to show a well-founded fear of persecution and therefore had not established "prima facie eligibility for asylum [or] withholding of removal...." A.R. 39. In sum, the BIA refused to reopen the proceedings.

Patel then filed a Motion to Reconsider with the BIA. *See generally* 8 C.F.R. § 1003.2(b). In this motion, Patel argued that the Board had made several factual and legal errors in its November 26, 2002 order. Specifically, in an attempt to rebut the BIA's finding that Patel had failed to support his persecution argument with adequate documentation, Patel noted that his INS record contained an asylum application, which he had previously filed in 1993.

On January 5, 2004, the BIA found that it had not made any legal or factual errors in its prior order of November 26, 2002 and thus denied Patel's Motion to Reconsider. First, it reaffirmed its finding that Patel had not established "exceptional circumstances" sufficient to justify reopening. A.R. 2. Furthermore, although it had not addressed the issue in the prior November 26, 2002 order, the BIA also noted that because Patel's Motion to Reopen based on "exceptional circumstances" was filed in summer 2001, it was untimely. *Id.; see generally* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). Finally, the

BIA found no legal or factual error in its prior holding that Patel had failed to demonstrate a prima facie, well-founded fear of persecution based on changed country conditions and thus rejected his Motion to Reconsider on that score as well.

Patel thereafter lodged this timely Petition for Review.

## II.

As an initial matter, it must be made clear precisely what we can review. Patel did not file a timely petition with this court to review the BIA's November 26, 2002 order denying his Motion to Reopen; instead, Patel chose to seek reconsideration of that order with the BIA itself. The Supreme Court of the United States has held that the filing of a motion to reconsider a final order with the issuing administrative agency does not toll the period for seeking judicial review of the underlying order and does not render the underlying order non-final. *Stone v. Immigration & Naturalization Serv.*, 514 U.S. 386, 394, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Thus, we do not have jurisdiction to review the BIA's November 26, 2002 order; rather, the only order before us is the BIA's January 5, 2004 order denying Patel's Motion to Reconsider. *See Nocon v. Immigration & Naturalization Serv.*, 789 F.2d 1028, 1032–33 (3d Cir.1986).

We review a decision by the BIA denying an alien's motion to reconsider for abuse of discretion, *Nocon*, 789 F.2d at 1033, mindful of the broad deference that the Supreme Court would have us afford. *See Immigration & Naturalization Serv. v. Abudu*, 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Under the abuse of discretion standard, the BIA's decision "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law." *Tipu v. Immigration & Naturalization Serv.*, 20 F.3d 580, 582 (3d Cir.1994).

In addition, "[a]n agency's interpretation of its own regulation ... is controlling unless it is plainly erroneous or inconsistent with the regulation." *Leia v. Ashcroft*, 393 F.3d 427, 432 (3d Cir.2005) (internal quotations and citation omitted).

### III.

Patel's petition raises several arguments. First, he argues that the BIA committed factual and legal error in denying his Motion to Reconsider. Specifically, he avers that the BIA committed factual error in finding that he had not supported his Motion to Reopen with an asylum application when, in fact, Patel had filed two asylum applications in 1993. Furthermore, Patel maintains that irrespective of this factual error, the BIA committed legal error in holding that he needed to support his Motion to Reopen with an asylum application. Patel further argues that the BIA erred in finding that he had failed to present sufficient evidence of changed country conditions to warrant reopening. Finally, Patel maintains that the IJ's denial of his request for a continuance of the July 16, 1998 hearing was an abuse of discretion, violated his right to due process, and even if the IJ's denial was legally proper, equitable tolling should apply. We address these contentions seriatim.[4]

First, we reject Patel's argument that the Board committed factual error in refusing to reconsider its finding that he had failed to support his Motion to Reopen for changed country conditions with adequate documentation, specifically, an asylum application. Although Patel had filed two asylum applications in 1993, those applications were filed well before the IJ ordered Patel removed. The prior asylum applications which were in Patel's INS record were not pertinent to Patel's argument of *changed* country conditions. Thus, the Board's refusal to reconsider its prior factual finding was not "arbitrary, irrational, or contrary to law." *Tipu*, 20 F.3d at 582.

We further affirm the BIA's legal determination that Patel's Motion to Reopen was defective because it failed to contain a relevant asylum application. The pertinent regulation provides: "Any motion to reopen for the purpose of acting on an application for relief *must be accompanied by the appropriate application for relief* and all supporting documents." 8 C.F.R. § 1003.23(b)(3) (emphasis added). The BIA's legal determination that Patel's failure to support his motion with an asylum application was fatal to his cause was not plainly erroneous or inconsistent with this regulation. *Leia*, 393 F.3d at 432.

4. Although the "Questions Presented" section of Patel's brief raised the issue of "exceptional circumstances," Br. of Petitioner at 5, he did not address the topic squarely in the body of his brief. It is our rule that arguments mentioned in passing, but not squarely argued, will be deemed waived. *Pa. Dep't of Pub. Welfare v. United States Dep't of Health & Human Servs.*, 101 F.3d 939, 945 (3d Cir. 1996). Nonetheless, the Respondent's brief contains arguments on that issue and the Petitioner has addressed it in his Reply. Thus, in the interest of completeness, we turn briefly to the "exceptional circumstances" topic.

An alien subject to a removal order entered *in absentia* may obtain rescission of such an order by filing a motion within 180 days of the date of the order's issuance that explains that the alien's failure to appear at the hearing was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). Here, the IJ entered the order of removal in July of 1998; Patel, however, did not file his motion to reopen and rescind for "exceptional circumstances" until the summer of 2001, well past the 180-day time limit. Thus, due to Patel's failure to comply with the controlling time limit, the BIA's January 5, 2004 order refusing to reconsider its prior ruling rejecting Patel's Motion to Reopen based on "exceptional circumstances" cannot be considered "arbitrary, irrational, or contrary to law." *Tipu*, 20 F.3d at 582.

■ Moreover, and irrespective of Patel's failure to support his Motion to Reopen with a relevant asylum application, we find no error in the BIA's refusal to reconsider its prior ruling rejecting Patel's Motion to Reopen based on changed country conditions and asylum. To qualify for asylum, Patel must show that he is unable or unwilling to return to his native India because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Immigration & Naturalization Serv. v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal quotations and citations omitted). In order to establish "persecution," a petitioner must show government involvement or the involvement of individuals the government is either "unable or unwilling" to control; private violence or harassment is not sufficient. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002).

In its January 5, 2004 order, the BIA refused to reconsider its prior ruling of November 26, 2002 that Patel had failed to demonstrate a prima facie showing of a well-founded fear of persecution based on changed country conditions. In so holding, the BIA found that although Patel had asserted a fear of persecution in his native India by Muslim civilians on account of his Hindu religion, he had not shown any evidence "that the Indian government would be unable or unwilling to protect him, anywhere in India, from religiously-motivated violence perpetrated by Muslims." A.R. 3; *see generally Berishaj v. Ashcroft*, 378 F.3d 314, 323 (3d Cir.2004). Upon review of the record, including the Country Report and Internet article Patel submitted to the BIA, it cannot be said that the BIA's determination to refuse to reconsider its prior holding on this score was "arbitrary, irrational, or contrary to law." *Tipu*, 20 F.3d at 582.

■ With respect to Patel's final argument, this court simply cannot review Patel's contention that the IJ's denial of his request for a continuance of the July 16, 1998 hearing was an abuse of discretion, violated his right to due process, and that equitable tolling should apply. Rather, because Patel failed to appeal the IJ's denial of his motion to continue to the BIA, he has failed to exhaust agency review. 8 U.S.C. § 1252(d)(1). As a result, we lack jurisdiction to consider his arguments relating to the IJ's denial of his motion for a continuance. *See Bejar v. Ashcroft*, 324 F.3d 127, 132 (3d Cir.2003).[5]

■ Moreover, even if we were to reach the merits of this argument, Patel's contentions are unavailing. The BIA has held:

> The mere submission of a motion for a continuance does not relieve an alien or his attorney of the responsibility to attend a deportation hearing of which they have been given notice.... Unless the immigration judge has granted a motion for a continuance prior to the hearing, the alien remains obligated to appear at the appointed date and time.

*Matter of Patel*, 1985 WL 56046, 19 I. & N. Dec. 260, 262 (BIA 1985). Here, Patel had

---

5. We recognize that administrative exhaustion is not always necessary when a constitutional claim is involved. *See Sewak v. Immigration & Naturalization Serv.*, 900 F.2d 667, 670 (3d Cir.1990); *see also Mathews v. Eldridge*, 424 U.S. 319, 330 n. 10, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ("If Eldridge had exhausted the full set of available administrative review procedures, failure to have raised his constitutional claim would not bar him from asserting it later in a district court."). However, because Patel's due process argument is tantamount to a procedural error correctable through the administrative process, the narrow constitutional exception to exhaustion is not applicable. *See Sewak*, 900 F.2d at 670.

not submitted, let alone obtained approval of, his request for a continuance prior to the scheduled July 16, 1998 hearing; therefore, he remained obligated to attend. Thus, the IJ did not abuse its discretion or violate Patel's statutory, constitutional, or equitable rights in refusing to grant Patel relief with respect to his failure to appear at the July 16, 1998 hearing.

## IV.

For the reasons stated above, we will deny Patel's Petition for Review.[6]

---

**6.** In his briefs before this court, Patel did not discuss the effect, if any, of the favorable I–130 Petition obtained by his wife. Out of an abundance of caution, we *sua sponte* asked the parties to address this topic. By way of a letter dated January 18, 2005, Patel reiterated that he is the beneficiary of an I–130 Petition, but conceded that the outstanding removal order precludes an adjustment of his status. We are thus satisfied that the I–130 Petition does not change the result obtained above.