**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WALTER ERNESTO RIVAS-
ALMENDAREZ,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-70707

Agency No. A029-252-622

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE and FISHER, Circuit Judges.

Walter Ernesto Rivas-Almendarez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") order denying his motion

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Rivas-Almendarez's motion to reopen to rescind his deportation order because the hearing notice was sent by regular mail to the address last provided by Rivas-Almendarez, as was acceptable under the regulations in force at the time. *See* 8 U.S.C. §1252(3)(B)(1) (1990) (requiring notice of hearing but not specifying form of service required); 8 C.F.R. § 3.17 (1990) (same); *Matter of Munoz-Santos*, 20 I. & N. Dec. 205, 207 (BIA 1990) (routine service to last address provided was adequate for notice of hearing); *cf. Sembiring v. Gonzales*, 499 F.3d 981, 988-90 (9th Cir. 2007) (describing evidence sufficient to overcome presumption of effective service). Rivas-Almendarez's due process claim regarding the use of regular mail therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

Rivas-Almendarez has waived any challenge to the BIA's denial as untimely of his motion to reopen to seek benefits under the Nicaraguan and Central

American Relief Act of 1997. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (arguments not raised in the opening brief are deemed waived).

Finally, Rivas-Almendarez's contention that his May 16, 2006, unopposed motion to reopen should have been automatically granted lacks merit.

**PETITION FOR REVIEW DENIED.**