**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VILMA ELIZABETH CASTANEDA-CONTRERAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-74853 <br><br> Agency No. A029-265-322 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2011[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, IKUTA, Circuit Judge, and BOLTON, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Susan R. Bolton, District Judge for the District of
Arizona, sitting by designation.

Castaneda failed to rebut the presumption of notice given to notices sent via first-class mail. *See Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002). Castaneda missed her deportation hearings and waited 16 years before filing a motion to reopen and rescind the in absentia order. *Cf. Sembiring v. Gonzales*, 499 F.3d 981, 988–89 (9th Cir. 2007). Neither Castaneda's declaration that she applied for several immigration benefits (in which she disclosed her ongoing deportation proceedings) in the 16-year interval between the order of removal and her motion to reopen, nor her other evidence (i.e., that she was still living at the address provided to immigration officials at the time the Agency sent her the hearing notice, and that she attended one of the deportation hearings) was enough to overcome the presumption. *Id.* Therefore, the BIA did not abuse its discretion in denying Castaneda's motion to reopen and rescind the Agency's in absentia order.

Castaneda did not argue before the BIA that the agency violated its regulations by sending notice of the October 31, 1990 hearing via first-class mail, so this issue is not exhausted and we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004); *In re Munoz-Santos*, 20 I. & N. Dec. 205, 207 (BIA 1990); *see also* 8 C.F.R. § 3.17 (1990).

**DENIED in part and DISMISSED in part.**

2