# Matter of J-G-, Respondent

*Decided July 18, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  An alien who is subject to an in absentia removal order need not first rescind the order before seeking reopening of the proceedings to apply for asylum and withholding of removal based on changed country conditions arising in the country of the alien's nationality or the country to which removal has been ordered.

(2)  The numerical limitations on filing a motion to reopen in 8 C.F.R. § 1003.23(b)(1) (2013) are not applicable to an alien seeking reopening to apply for asylum and withholding of removal based on changed country conditions arising in the country of the alien's nationality or the country to which removal has been ordered.

FOR RESPONDENT:  Gary Yerman, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Mark Evans, Associate Regional Counsel

BEFORE:  Board Panel:  MULLANE and CREPPY, Board Members; LIEBOWITZ, Temporary Board Member.

CREPPY, Board Member:

In a decision dated March 11, 2011, an Immigration Judge denied the respondent's motion to reopen, finding that it was both time and number barred, and he declined to sua sponte reopen the respondent's removal proceedings.  The respondent has appealed from that decision.  The appeal will be sustained and the record will be remanded for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of China who arrived in the United States on March 20, 1999.  He was ordered removed in absentia on August 9, 1999, after failing to appear at a hearing.  On September 2, 2008, the respondent filed a motion to reopen to rescind the in absentia order of removal based on lack of notice pursuant to section 240(b)(5)(C)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(C)(ii) (2006).  He also sought reopening based on changed country conditions.

On November 12, 2008, the Immigration Judge denied the respondent's motion to reopen to rescind the in absentia removal order, concluding that

he had received proper notice of the hearing. However, the Immigration Judge did not address the respondent's assertions regarding changed country conditions. The respondent did not appeal the denial of the motion.

On January 2, 2009, the respondent filed a motion to reconsider the November 12, 2008, decision, arguing that the Immigration Judge should have considered his claim of changed country conditions. On April 16, 2009, the Immigration Judge denied the motion because it was untimely. The respondent did not appeal the denial of his motion to reconsider.

On February 28, 2011, the respondent filed a second motion to reopen seeking to apply for asylum and withholding of removal. First, the respondent requested reopening of his removal proceedings based on a claim of changed country conditions arising in China since the date of his last hearing pursuant to section 240(c)(7)(C)(ii) of the Act. In support of his request he submitted evidence that he stated was material and was not available and could not have been discovered or presented at the time of his August 1999 hearing. Second, he asserted that his motion was not time barred because he is entitled to equitable tolling as a result of ineffective assistance of counsel and due process violations. Finally, he argued that the Immigration Judge should reopen the proceedings sua sponte.

The Immigration Judge denied the respondent's second motion to reopen, concluding that it was both time and number barred. In analyzing the respondent's request to reopen proceedings based on changed country conditions, the Immigration Judge determined that the respondent could not reopen proceedings to apply for asylum and withholding of removal because he was first required to rescind his in absentia removal order under section 240(b)(5)(C) of the Act. The Immigration Judge further determined that even if the respondent could seek reopening based on changed country conditions without first rescinding the in absentia order, his motion would nevertheless be denied as time barred. Since it was not the first motion the respondent filed, the Immigration Judge also found it to be number barred. For these reasons, the Immigration Judge did not reach the merits of the respondent's motion. Finally, the Immigration Judge found that the respondent did not present any exceptional circumstances that would justify reopening the proceedings sua sponte.

## II. ISSUES

The issues before us are: (1) whether an alien who is subject to an in absentia removal order must first rescind the order before he can seek to reopen removal proceedings to apply for asylum and withholding of removal based on changed country conditions; and (2) whether such a motion to reopen is subject to the general numerical limitations on motions to reopen.

We conclude that although the respondent is subject to an in absentia removal order, he does not have to first rescind the order before he can seek reopening to apply for asylum and withholding of removal based on changed country conditions arising in China. We also hold that the numerical limitations on filing a motion to reopen in 8 C.F.R. § 1003.23(b)(1) (2013) are not applicable because the respondent seeks reopening to apply for asylum and withholding of removal based on changed country conditions arising in China.

## III. APPLICABLE LAW

Prior to 1990, there were no limitations governing the filing of motions to reopen. *See* 8 C.F.R. §§ 103.5, 242.22 (1989). However, in 1990 Congress added former section 242B of the Act, 8 U.S.C. § 1252b (1994), which provided consequences for an alien's failure to appear at a deportation hearing and a procedure for rescinding an in absentia deportation order through a motion to reopen. Immigration Act of 1990, Pub. L. No. 101-649, § 545(a), 104 Stat. 4978, 5061–62 ("IMMACT 90"). Section 242B(e) provided that an alien who was subject to an in absentia deportation order was ineligible for certain forms of discretionary relief for a period of 5 years. Notably, asylum was not one of the forms of relief for which an alien would remain ineligible for the 5-year period. Furthermore, the statute did not specify that an alien was required to first rescind an in absentia order before applying for other available relief. It also did not indicate whether an order of exclusion could be entered in absentia, and it included no procedure to govern the reopening of an in absentia order entered in an exclusion hearing. *See* former section 236(a) of the Act, 8 U.S.C. § 1226(a) (1994).

As part of IMMACT 90, Congress also instructed the Attorney General to "issue regulations with respect to . . . the period of time in which motions to reopen and to reconsider may be offered in deportation proceedings, which regulations include a limitation on the number of such motions that may be filed and a maximum time period for the filing of such motions." IMMACT 90 § 545(d), 104 Stat. at 5066. In response to this mandate, the Attorney General promulgated regulations providing that "a party may file only one motion to reopen proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. §§ 3.2(c)(2), 3.23b)(4)(i) (1997).

The regulations also created exceptions to the 90-day filing deadline for: (1) motions to reopen deportation proceedings to rescind an in absentia order of deportation; (2) motions to reopen to apply for asylum or withholding of deportation based on changed country conditions; and

(3) motions jointly filed by both parties.  8 C.F.R. §§ 3.2(c)(3)(i)–(iii), 3.23(b)(4)(i)–(iii).  On July 1, 1996, the Attorney General implemented the final regulations governing motions to reopen.  Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings; Correction, 61 Fed. Reg. 32,924 (June 26, 1996).

In 1996, Congress enacted the language of the current statute, which codified the restrictions on motions to reopen to rescind an in absentia order of removal.  Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Div. C, Pub. L. No. 104-208, § 304(a)(3), 110 Stat. 3009-546, 3009-590, 3009-593 ("IIRIRA").  At that time, the statute provided the following exceptions to the 90-day deadline:  (1) no time limit for motions to reopen to apply for asylum and withholding based on changed country conditions; (2) 180 days after the entry of the final order of removal for motions to reopen to rescind an in absentia order if failure to appear was based on exceptional circumstances; and (3) no time limit for motions to reopen to rescind an in absentia order if the alien did not receive notice.  Sections 240(b)(5)(C)(i)–(ii), (c)(6)(C)(ii)–(iii) of the Act.  The statute was later redesignated as section 240(c)(7) of the Act.  REAL ID Act of 2005, Div. B, Pub. L. No. 109-13, § 101(d)(1), 119 Stat. 302, 304.

## III.  ANALYSIS

### A.  Reopening To Apply for Asylum and Withholding of Removal Based on Changed Country Conditions

With this background in mind, we now turn to the question whether the current statute and regulations allow an alien who is subject to an in absentia removal order to reopen the proceedings to apply for asylum and withholding of removal based on changed country conditions without also seeking to rescind the removal order.  As in any case involving statutory interpretation, the touchstone of our analysis is the plain language of the statute.  *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999)).

Generally, a motion to reopen removal proceedings must be filed no later than 90 days after the date of a final order of removal, and only one motion may be filed.  Sections 240(c)(7)(A), (C)(i) of the Act; 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1) (2013).  The relevant statutory exceptions to the filing deadlines are articulated in sections 240(c)(7)(C)(ii) and (iii) of the Act.  According to section 240(c)(7)(C)(ii), the 90-day deadline does not apply if the basis of the motion is to apply for asylum or withholding of removal and is based on changed country conditions arising in the country of nationality, if the evidence to be offered is material and was not available and could not have been discovered or presented at the previous

proceeding. *See also* 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i) (stating that the time and numerical limits are inapplicable if the basis for reopening is to apply for asylum or withholding of removal based on changed country conditions). Section 240(c)(7)(C)(iii) of the Act provides that the filing deadlines for a motion to reopen an order entered in absentia are listed in section 240(b)(5)(C) of the Act, which states that an in absentia order of removal may only be rescinded:

> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1)), or
> (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 239(a) or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

*See also* 8 C.F.R. §§ 1003.2(c)(3)(i), 1003.23(b)(4)(ii) (providing that only one motion to reopen seeking rescission of an in absentia order entered in removal proceedings may be filed).

Thus, the only way an alien can rescind an in absentia order is by demonstrating (1) that there were exceptional circumstances; (2) that the alien did not receive notice; or (3) that he or she was in Federal or State custody and failed to appear through no fault of his or her own. Section 240(b)(5)(C) of the Act; 8 C.F.R. § 1003.23(b)(4)(ii). Although the statute outlines how an alien may rescind an in absentia order, nothing in either the statute or the regulations governing motions to reopen prohibits an alien from seeking to reopen proceedings for the limited purpose of applying for asylum and withholding of removal based on changed country conditions without rescinding the in absentia order of removal.

The textual structure of the Act supports our conclusion that rescission is not required to reopen proceedings to apply for asylum and withholding of removal. Congress listed the bases for seeking reopening in separate and independent sections of the Act. *See* sections 240(c)(7)(C)(ii)–(iv) of the Act (entitled "Asylum," "Failure to Appear," and "Special Rule for Battered Spouses, Children, and Parents"). Thus, the filing deadlines for reopening are different depending on whether the reason for reopening is to apply for asylum, rescind an in absentia order, or seek relief as a result of being battered. *Id.*; *see also* section 240(b)(5)(C) of the Act.

The legislative history of section 240 of the Act provides no meaningful guidance on this question because the explanatory material simply paraphrases the language of the statute. *See* H.R. Conf. Rep. No. 104-828 (1996), *available at* 1996 WL 563320; H.R. Rep. No. 104-469(I) (1996), *available at* 1996 WL 168955. In examining the legislative history that accompanies the statute creating the filing deadlines and exceptions

governing motions to reopen, we find nothing that requires aliens who seek to reopen proceedings to apply for asylum and withholding of removal based on changed country conditions to first rescind an in absentia order.

Our holding today is consistent with our prior precedent, which held that, in certain circumstances, an alien who is subject to an in absentia order could seek to reopen deportation or exclusion proceedings without also rescinding the in absentia order. In *Matter of M-S-*, 22 I&N Dec. 349, 356–57 (BIA 1998) (en banc), which interpreted former section 242B(c)(3)(A) of the Act in the context of deportation proceedings, we concluded that an order of deportation entered in absentia need not always be rescinded before the proceedings may be reopened.[1] In reaching that conclusion, we relied on the fact that nothing in the Act or regulations specifically required an in absentia order to be rescinded before proceedings could be reopened, noting that the statute merely described the procedure for rescinding such an order. *Id.* at 352, 356.

Although there was no provision in either the statute or regulations that addressed in absentia orders in exclusion proceedings, we held in *Matter of A-N- & R-M-N-*, 22 I&N Dec. 953, 955–56 (BIA 1999), that exclusion proceedings conducted in absentia could be reopened in the absence of a showing of "reasonable cause" where the alien sought reopening to apply for asylum or withholding of deportation and demonstrated changed country conditions that indicated a reasonable likelihood of success on the merits. *See* 8 C.F.R. § 3.23(b)(4)(iii)(B) (1998) (providing that a motion to reopen exclusion proceedings on the basis that an Immigration Judge improperly entered an in absentia order must show that the alien had "reasonable cause" for failing to appear). In so finding, we were persuaded by the fact that the aliens were not challenging the propriety of the in absentia order. *Id.* at 956.

Given that the language in section 240(c)(7) of the Act is substantially similar to former section 242B, we find that the reasoning in *Matter of M-S-* is applicable in the context of removal proceedings. Section 242B(e)(1) provided that an alien subject to an in absentia deportation order was ineligible for certain forms of discretionary relief for a period of 5 years. We noted in *Matter of M-S-*, 22 I&N Dec. at 355, that if Congress intended to require an alien who was subject to an in absentia deportation order to

---

[1] We held that an alien who did not receive the oral warnings of the consequences of failing to appear at a deportation hearing, was ordered deported in absentia, and later became eligible for adjustment of status could request reopening without also seeking to rescind the in absentia order of deportation where the motion to reopen was filed within 90 days of the final order. *Matter of M-S-*, 22 I&N Dec. at 356–57.

rescind that order before applying for relief, it would render the language of former section 242B(e)(1) surplusage.[2]

The same reasoning applies in removal proceedings. Section 240(b)(7) of the Act explicitly bars an alien with an in absentia removal order from reopening his or her case to apply for certain forms of discretionary relief within 10 years from the date of the final order of removal. According to section 240(b)(7),

> Any alien against whom a final order of removal is entered in absentia under this subsection and who . . . was provided oral notice, either in the alien's native language or in another language the alien understands, of the time and place of the proceedings and of the consequences under this paragraph of failing, other than because of exceptional circumstances . . . , to attend a proceeding under this section, shall not be eligible for relief under section 240A, 240B, 245, 248, or 249 for a period of 10 years after the date of the entry of the final order of removal.

It is well settled that no provision of law should be construed so as to render superfluous other provisions in the same statute. *Kungys v. United States*, 485 U.S. 759, 778 (1988). Thus, section 240(b)(5)(C) of the Act must be read together with section 240(b)(7) to ascertain its meaning. If we determined that rescission of an in absentia removal order is a condition precedent to reopening removal proceedings, then section 240(b)(7) would be surplusage, because the effect of rescinding an in absentia removal order is that an alien essentially "starts over." Thus, there are no bars to discretionary relief once an in absentia order is rescinded.

If section 240(b)(7) of the Act is to be given some effect, therefore, it must be applied to an alien who is subject to an in absentia removal order, but who seeks reopening without also rescinding the order. In those situations, section 240(b)(7) would apply to bar the alien from applying for the enumerated forms of discretionary relief for a period of 10 years, as long as the alien was given the required notice for failure to appear. We note, however, that asylum was not one of the forms of relief for which an alien subject to an in absentia order would remain ineligible for the 5-year period under former section 242B(e) of the Act or for the 10-year period under section 240(b)(7).

Finally, requiring an alien to first rescind an in absentia order of removal before reopening to apply for asylum or withholding of removal would effectively bar an alien who met the requirements for reopening

---

[2] In addition, we noted that "[a] limited interpretation of section 242B(c)(1) of the Act would also be consistent with the language of the newly amended statute at sections 240(b)(5)(C) and (7) of the Act." *Matter of M-S-*, 22 I&N Dec. at 356.

under section 240(c)(7)(C)(ii) of the Act from having an asylum or withholding of removal claim adjudicated.

In sum, based on our analysis of the past and present statutes, we hold that an alien who is subject to an in absentia removal order need not first rescind the order before seeking reopening of the proceedings to apply for asylum and withholding of removal based on changed country conditions arising in the country of the alien's nationality or the country to which removal has been ordered.[3]

## B.  Numerical Limitations on Motions To Reopen

The Immigration Judge also determined that, even assuming that an alien who is subject to an in absentia removal order can reopen proceedings to apply for asylum and withholding of removal based on changed country conditions without rescinding the removal order, the respondent's current motion is barred by the numerical limitation on filing motions to reopen because he had previously filed another motion.  In so holding, the Immigration Judge concluded that section 240(c)(7)(C)(ii) of the Act only waives the time limitation on motions to reopen, but not the numerical limitation of section 240(c)(7)(A).

The statute is silent regarding any numerical exception for motions to reopen to apply for asylum and withholding of removal based on changed country conditions.  However, we and the Immigration Judges are bound by the current regulations, which specifically waive both the time and numerical limitations for such motions.  8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i).[4]  There is no indication in the legislative history of section 240(c)(7) that in enacting the IIRIRA, Congress did not intend to also

---

[3] We address only the situation in the case before us, where the alien, who is subject to an in absentia order of removal, filed a motion to reopen seeking to apply for asylum and withholding of removal based on changed country conditions under section 240(c)(7)(C)(ii) more than 10 years later.

[4]  Specifically, 8 C.F.R. § 1003.23(b)(4)(i), which relates to motions to reopen before the Immigration Judge, provides that the numerical bar

> shall not apply if the basis of the motion is to apply for asylum . . . or withholding of removal . . . and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding.

Motions to reopen before the Board are subject to similar requirements under 8 C.F.R. § 1003.2(c)(3)(ii).

waive the numerical limitation, as the regulations had previously done. *See* 8 C.F.R. §§ 3.2(c)(2)(ii), 3.23b)(4)(ii) (1997).

The respondent filed a second motion to reopen to apply for asylum and withholding of removal based on changed country conditions in China. Under 8 C.F.R. § 1003.23(b)(4)(i), such a motion is not subject to the numerical limitations in 8 C.F.R. § 1003.23(b)(1). We therefore conclude that the Immigration Judge improperly determined that the respondent's motion to reopen was numerically barred.

## C. Respondent's Motion To Reopen

Turning to the respondent's motion to reopen, we note that in seeking to reopen to apply for asylum and withholding of removal based on changed country conditions, an alien must meet the requirements set forth in section 240(c)(7)(C)(ii) of the Act and 8 C.F.R. § 1003.23(b)(4)(i). Therefore, in addition to showing changed country conditions, an alien must submit evidence that is material and was not available and could not have been discovered or presented at the prior hearing. Additionally, an alien seeking reopening must establish prima facie eligibility for the underlying relief sought. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); *INS v. Abudu*, 485 U.S. 94, 104–05 (1988). Thus, the alien bears a heavy burden to show that his proffered evidence is material, reflects changed country conditions arising in the country of nationality, and supports a prima facie case for a grant of asylum. *See Matter of Coelho*, 20 I&N Dec. 464, 472 (BIA 1992). Finally, where the ultimate relief is discretionary, a moving party must also show that a favorable exercise of discretion is warranted. *See INS v. Doherty*, 502 U.S. at 323.

The respondent filed a motion to reopen for the purpose of applying for asylum and withholding of removal based on his religious conversion and the alleged increase in persecution of underground Catholic churches in China. Based on the above analysis, we conclude that the Immigration Judge had jurisdiction to consider the respondent's motion and that the respondent was not required to first rescind the in absentia removal order before seeking to reopen his removal proceedings. Moreover, since the basis of the respondent's motion is to apply for asylum and withholding of removal based on changed country conditions, the numerical limitations in 8 C.F.R. § 1003.23(b)(1) do not apply. *See* 8 C.F.R. § 1003.23(b)(4)(i).

The Immigration Judge did not address the merits of the respondent's argument that reopening of the proceedings is warranted because of changed country conditions in China. Nor did he evaluate whether the evidence the respondent submitted in support of his motion is material and

was not available and could not have been discovered or presented at the prior hearing. We therefore find that a remand of the record is appropriate.[5] Section 240(c)(7)(C)(ii) of the Act; 8 C.F.R. § 1003.23(b)(4)(i). On remand, the Immigration Judge should evaluate whether the evidence submitted by the respondent indicates a reasonable likelihood that his application will succeed on the merits if the proceedings are reopened.

In view of our disposition of the respondent's appeal, it is not necessary to address his remaining contentions. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (stating that, as a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach); *Matter of S-H-*, 23 I&N Dec. 462, 465 (BIA 2002).

## V. CONCLUSION

In sum, we conclude that an alien who is subject to an in absentia removal order need not first rescind the order before seeking reopening of the proceedings to apply for asylum and withholding of removal based on changed country conditions arising in the country of the alien's nationality or the country to which removal has been ordered. We further hold that the numerical limitations on filing a motion to reopen in 8 C.F.R. § 1003.23(b)(1) are not applicable to an alien seeking reopening to apply for asylum and withholding of removal based on changed country conditions arising in the country of the alien's nationality or the country to which removal has been ordered. Accordingly, the respondent's appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[5] We do not now consider whether the respondent has, in fact, shown changed country conditions arising in China since the date of his last hearing.