**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NABI HOSSEN, AKA Zahingir Alam<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70457<br><br>Agency No. A075-659-701<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014 [**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Zahingir Alam, a native and citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") denial of his motion to reopen removal proceedings

held in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Alam's motion to reopen as untimely where the motion was filed over eleven years after his removal order became final, *see* 8 C.F.R. § 1003.23(b)(4)(ii), and Alam was personally served with notice of his removal hearing, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2); 8 U.S.C. § 1229(a); *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1156 n. 4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English."), and failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances).

To the extent Alam contends his due process rights were violated by the IJ's application of an improper standard, failure to give sufficient weight to the alleged fraud, and misstatement of the facts, the record does not support his claims. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). To the extent Alam contends his due process

12-70457

rights were violated by the IJ's failure to address Alam's notice contention, Alam has failed to establish prejudice. *Id.*

We lack jurisdiction to consider Alam's challenge to the asylum officer's refusal to interview Alam because Alam did not raise that contention before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).

In light of this disposition, we do not reach Alam's contention related to the BIA's decision in *Matter of J-G-*, 26 I. & N. Dec. 161 (BIA 2013).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.