# Matter of Margarita Del Pilar FITZPATRICK, Respondent

*Decided May 7, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who has voted in an election involving candidates for Federal office in violation of 18 U.S.C. § 611(a) (2012) is removable under section 237(a)(6)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(6)(A) (2012), regardless of whether the alien knew that he or she was committing an unlawful act by voting.

FOR RESPONDENT: Rick Hodge, Esquire, Wichita, Kansas

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

GRANT, Board Member:

In a decision dated June 19, 2009, an Immigration Judge ordered the respondent removed from the United States.[1] The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Peru whose nonimmigrant status was adjusted to that of a lawful permanent resident of the United States on June 4, 2004. On August 5, 2005, she applied for an Illinois driver's license and signed a voter registration application in which she checked a box indicating that she was a United States citizen.

The respondent filed an application for naturalization dated April 17, 2007, in which she indicated that she had registered to vote and had voted in an election in the United States. During an interview regarding her application, she disclosed that she had voted in 2006.

On January 11, 2008, the Department of Homeland Security ("DHS") issued a notice to appear, alleging that the respondent voted in the general election in Illinois on November 7, 2006, in violation of 18 U.S.C. § 611 (2006), and charging her with removability under section 237(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(6) (2006), as an alien

---

[1] The Immigration Judge previously issued a written decision dated April 21, 2009, in which he found the respondent removable on the charges in the notice to appear.

who voted in violation of law.  The DHS also charged the respondent with removability under section 237(a)(3)(D) of the Act as an alien who falsely represented herself to be a United States citizen.  The Immigration Judge found that the respondent was removable on both charges.[2]

The respondent asserts that the Immigration Judge erred in finding her removable.  We disagree and conclude that the respondent is removable under section 237(a)(6)(A) of the Act as an alien who voted in violation of a Federal statute, namely, 18 U.S.C. § 611(a).  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2014) (providing that the Board reviews de novo questions of law, discretion, and judgment and all other issues in appeals).

## II.  ANALYSIS

According to section 237(a)(6)(A) of the Act, "Any alien who has voted in violation of any Federal, State, or local constitutional provision, statute, ordinance, or regulation is deportable."[3]  Under 18 U.S.C. § 611(a), it is "unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner."

The respondent does not dispute that she voted in a general election involving candidates for Federal office in November 2006 and that she knew she was not a United States citizen at the time she voted.  She contends, however, that the DHS has not shown that she intended to vote in violation of 18 U.S.C. § 611.  Therefore, the respondent argues that the charge of removability under section 237(a)(6) of the Act cannot be sustained.  We do not agree.

In meeting its burden of proof to establish the respondent's removability, the DHS need not show that the respondent knew she was committing an unlawful act by voting in the election.  The relevant Federal statute, 18 U.S.C. § 611(a), contains no specific intent requirement.  It is, instead, a general intent statute, which does not require "proof that the alien knew

---

[2]  The respondent also voted in an Illinois State primary election on March 21, 2006, which the DHS alleged in the notice to appear as an additional factual basis for her removability under section 237(a)(6) of the Act.  However, the Immigration Judge did not address whether the respondent is removable based on her voting in the State primary election, and neither party has raised this issue on appeal.

[3]  There is an exception to this ground of removability in section 237(a)(6)(B) of the Act, but it does not apply to the respondent and is not at issue in this case.

that it was unlawful for him to vote." *Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012); *see also United States v. Knight*, 490 F.3d 1268, 1270−71 (11th Cir. 2007) (stating that 18 U.S.C. § 611 is a general intent statute); *cf.* section 237(a)(6)(A) of the Act (containing no requirement that an alien have knowledge that voting was in violation of law).

Since a violation of § 611(a) is a crime of general intent, the only proof required is "that the defendant performed the acts that the law forbids, understanding what he was doing." *Kimani v. Holder*, 695 F.3d at 669; *see also United States v. Knight*, 490 F.3d at 1271.[4] The respondent does not dispute that she knew she was not a United States citizen and that she voted in the general election. We therefore conclude that her act of voting in the 2006 election was in violation of 18 U.S.C. § 611(a).

The respondent contends, however, that her act of voting falls within the exception to § 611(a). Under the statute, an alien is prohibited from voting in a Federal election unless all three of the following criteria apply:

> (1) the election is held partly for some other purpose;
> (2) aliens are authorized to vote for such other purpose under a State constitution or statute or a local ordinance; *and*
> (3) voting for such other purpose is conducted independently of voting for a candidate for such Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices.

18 U.S.C. § 611(a)(1)−(3) (emphasis added).[5]

The respondent asserts that she falls within the exception in § 611(a)(1) because the election in which she voted was "held partly for some other purpose," namely, to elect members of the local school board. However,

---

[4]    The respondent has cited *McDonald v. Gonzales*, 400 F.3d 684 (9th Cir. 2005), in support of her contention that a specific intent to violate Federal law is necessary to sustain her removability. However, the United States Court of Appeals for the Seventh Circuit, in whose jurisdiction this case arises, rejected this argument in *Kimani v. Holder*, 695 F.3d at 669−70. The court distinguished *McDonald v. Gonzales* because it involved a State statute with different language, which unlike 18 U.S.C. § 611(a), required "proof of an alien's knowledge that voting [was] forbidden." *Id.* In any case, we are not bound by the decision of the Ninth Circuit in this circuit. *See Matter of U. Singh*, 25 I&N Dec. 670, 672 (BIA 2012).

[5]    The statute also contains an exception to § 611(a) if "the alien reasonably believed at the time of voting . . . that he or she was United States citizen." 18 U.S.C. § 611(c)(3). However, the Immigration Judge found that this exception was not applicable because the respondent conceded that she knew she was not a United States citizen at the time she voted.

regardless of whether the respondent meets the criterion of § 611(a)(1), the statute requires that all three criteria of § 611(a) be met.

The respondent appears to allege that aliens were "authorized to vote for such other purpose," as required by § 611(a)(2), apparently referring to local school board elections. But she has not identified any legal authority indicating that she was authorized to vote in that local election or that lawful permanent residents were authorized to vote in any election in the State of Illinois. The criterion of § 611(a)(2) has therefore not been satisfied.

In any case, the respondent does not claim that the criterion under § 611(a)(3) has been met. The record contains no evidence that voting for local school board officials was conducted independently of voting for candidates for Federal office. Although the respondent argues that she had no control over whether voting for a local school board election was independent of voting for candidates for Federal office, she has not established that voting in the election in which she participated was, in fact, conducted independently.

Moreover, the record contains election ballots from the November 2006 general election, which included candidates for both Federal offices and the local school superintendent. The respondent's concession that she intentionally voted in this election therefore forecloses any claim that she would have had "the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices," as required by § 611(a)(3).

Finally, the respondent asserts that 18 U.S.C. § 611 is overbroad and unconstitutional. However, we have no authority to rule on the constitutionality of the laws enacted by Congress. *See Matter of Fuentes-Campos*, 21 I&N Dec. 905, 912 (BIA 1997).

Because our determination that the respondent is removable under section 237(a)(6)(A) of the Act is dispositive of the appeal, we need not address whether she is also removable under section 237(a)(3)(D). *See INS v. Bagamasbad*, 429 U.S. 24, 25−26 (1976); *Matter of J-G-*, 26 I&N Dec. 161, 170 (BIA 2013). The respondent has not claimed that she is eligible for any relief from removal. Accordingly, her appeal will be dismissed.

**ORDER:** The appeal is dismissed.