NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1441
_____

RITA ONYEKONWU,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(Agency No. A077-027-423)
Immigration Judge:  Arya S. Ranasinghe

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 15, 2020

_____

Before:  GREENAWAY, JR., SHWARTZ, and FUENTES, Circuit Judges.

(Filed:  January 11, 2021)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Rita Onyekonwu petitions for review of an order from the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") order denying Onyekonwu's third motion to reopen and rescind her 2003 in absentia removal order. Because the BIA did not abuse its discretion, we will dismiss in part and deny in part the petition.

I

Onyekonwu is a citizen of Nigeria who has lived in the United States since 1979. In 1997, Onyekonwu married a United States citizen and filed to adjust her status to legal permanent resident. However, Onyekonwu's spouse subsequently withdrew his support for her petition and stated that they married fraudulently for immigration purposes. Thereafter, Onyekonwu was placed in removal proceedings, and she retained pro bono counsel, Joyce Phipps, to represent her. Onyekonwu filed applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), alleging a fear of persecution in Nigeria under Sharia law because she had a child out of wedlock. However, both Onyekonwu and Phipps failed to appear for a July 2, 2003 hearing before an IJ, and Onyekonwu was ordered removed in absentia.

In 2010, Onyekonwu, still represented by Phipps, filed her first motion to reopen, claiming that she was unable to attend the July 2003 hearing due to her and her son's medical conditions. The IJ denied the motion because it did not include a sworn statement from Onyekonwu explaining why she failed to appear for her hearing.

In 2018, Onyekonwu retained new counsel, Alina Kaganovsky, who filed a second motion to reopen—this time contending that Onyekonwu was eligible for asylum based

2

on changed country conditions in Nigeria. Specifically, Onyekonwu asserted that violence towards Christians was escalating in Nigeria, and that she feared persecution as a devout Christian and minister. The IJ denied this motion because it was numerically barred and untimely, lacked a sworn statement from Onyekonwu, and failed to establish changed country conditions. Onyekonwu did not appeal, and she now contends that Kaganovsky never told her that she could.

In 2019, Onyekonwu retained her present counsel, and she filed her third motion to reopen, arguing that rescission of the removal order was appropriate because her previous attorneys had provided ineffective assistance of counsel.[1] Specifically, Onyekonwu alleged that (1) Phipps was ineffective for misinforming Onyekonwu of the date of the hearing, as allegedly corroborated by a "recently discovered" copy of a telephone message that she left for Phipps in 2003, A.R. 66; and (2) Kaganovsky was ineffective for failing to attach a sworn statement from Onyekonwu, for failing to include a cancellation of removal application, and for failing to inform her that she had a right to appeal the IJ's decision. The IJ denied Onyekonwu's motion to reopen, and the BIA affirmed, holding that (1) the IJ correctly found that Onyekonwu's motion was time-barred, (2) ineffective assistance of counsel was not a basis for equitable tolling because Onyekonwu did not act with due diligence during the entire period for which she sought

---

[1] It is immaterial that the Government did not oppose Onyekonwu's motion to reopen because the IJ and the BIA still have a statutory duty to evaluate the motion, see 8 U.S.C. § 1229a(b)(5)(C)(i), (c)(7); 8 C.F.R. § 1003.23(b)(3), and it was ultimately Onyekonwu's burden to show that she was entitled to have her case reopened, see Mahmood v. Gonzales, 427 F.3d 248, 252 (3d Cir. 2005).

tolling, (3) Onyekonwu did not fulfill the requirements for pursuing an ineffective assistance of counsel claim, and (4) there were no exceptional circumstances to justify sua sponte reopening. Onyekonwu petitions for review.

## II[2]

Under 8 U.S.C. § 1229a(b)(5)(A), a noncitizen who receives written notice of her removal hearing but fails to appear shall be ordered removed in absentia. This order may be rescinded, however, "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." Id. § 1229a(b)(5)(C)(i). Here, Onyekonwu's third motion to reopen and rescind comes nearly sixteen years after her in absentia removal order—well beyond the 180-day deadline.[3]

However, the 180-day deadline is subject to equitable tolling, Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005), and one such basis for tolling is ineffective assistance of counsel, Mahmood v. Gonzales, 427 F.3d 248, 251 (3d Cir. 2005). To toll the deadline for ineffective assistance of counsel, a petitioner's allegations must be

---

[2] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b), 1003.2(c). We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's decision to deny a motion to reopen for abuse of discretion. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). We review the BIA's factual determinations under the substantial evidence standard, such that "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

[3] As this is Onyekonwu's third motion to reopen, it is also numerically barred. See 8 U.S.C. § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings under this section . . . ."). This limit on the number of such motions that may be filed is subject to certain exceptions, such as a showing of changed country conditions. See In re J-G-, 26 I. & N. Dec. 161, 168 (B.I.A. 2013).

4

"substantiated and accompanied by a showing of due diligence" by the petitioner.

Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (per curiam). Additionally, a petitioner must comply with the following three procedural requirements, known as the Lozada requirements:

> [T]he allegedly aggrieved person must (1) provide an affidavit attesting to the relevant facts, (2) inform former counsel of the allegations and allow him an opportunity to respond, and (3) "if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."

Rranci v. Att'y Gen., 540 F.3d 165, 172 (3d Cir. 2008) (quoting In re Lozada, 19 I. & N. Dec. 637, 639 (B.I.A. 1988)).

Onyekonwu has not shown diligence and did not satisfy two of the Lozada requirements. First, Onyekonwu has failed to "come forward with evidence that [s]he acted with [due] diligence," Mahmood, 427 F.3d at 252, "over the entire period for which tolling is desired," Alzaarir, 639 F.3d at 90. As noted, about sixteen years have passed since the in absentia removal order was issued against her. Yet, Onyekonwu does not explain what efforts she took to diligently pursue her case concerning Phipps' conduct from 2003, when the removal order was entered, through 2010, when she filed her first motion to reopen, or between 2010 and 2019, the time between the ruling on her first motion to reopen and the filing of her second motion to reopen. Onyekonwu contends that she only recently discovered a document confirming a message she left for Phipps in 2003 blaming counsel for her missing the hearing. This assertion conflicts with the reason she provided in her 2010 motion for not appearing, namely health issues she and

5

her son faced.  Furthermore, this purportedly new evidence works against Onyekonwu because it demonstrates that she has been aware of Phipps' alleged ineffective assistance since 2003 but did not raise this issue for sixteen years.  In other words, the document itself may have been "recently discovered," A.R. 66, but Onyekonwu knew in 2003 that she held her counsel responsible for her missing the hearing date.  Thus, because Onyekonwu has not explained why she did not pursue these claims concerning Phipps during these long gaps, and, as nothing new has occurred to excuse her prior inaction on her ineffective assistance claim, the BIA did not abuse its discretion in concluding that Onyekonwu did not exercise the diligence necessary to justify equitable tolling.

Second, with respect to her claims about both Phipps and Kaganovsky, Onyekonwu failed to satisfy the second and third Lozada requirements.  Onyekonwu has (1) not informed her previous attorneys of their alleged ineffective assistance and thus has not given them a chance to respond to the allegations; and (2) has not filed a complaint with the relevant authorities regarding her attorneys' conduct nor adequately explained her reasons for this omission.  See Lozada, 19 I. & N. Dec. at 639. Onyekonwu contends that she should be excused from complying with these requirements.  We do not apply a "strict, formulaic interpretation of Lozada," and thus we forgive noncompliance if a petitioner can "provide a reasonable explanation for" her failure to comply.  Xu Yong Lu v. Ashcroft, 259 F.3d 127, 133 (3d Cir. 2001).[4]

_____

[4] Onyekonwu also contends that she need not follow the Lozada requirements because the "face of the record shows a clear and obvious case of ineffective assistance of counsel."  Castillo-Perez v. I.N.S., 212 F.3d 518, 526 (9th Cir. 2000).  Even assuming that were the rule in this Circuit, it is not clear from the face of the record that

Here, Onyekonwu has not sufficiently explained why she failed to notify her attorneys for their claimed ineffectiveness, nor has she provided a reasonable explanation for not notifying the disciplinary authorities. She states that she is "currently unable to [file an ethics complaint] because [she does] not have the money, time, or health to be in a position to file such a complaint, especially because [she faces] imminent removal." J.A. 16, 19. As noted, however, the first instance of alleged ineffective assistance occurred in 2003, giving Onyekonwu well over a decade to file a complaint against Phipps. Nor has Onyekonwu explained what fees she would need to pay to notify these attorneys or the disciplinary authorities of the alleged deficiencies. Thus, Onyekonwu's explanation for not filing a complaint is not "reasonable" under Lu. 259 F.3d at 133.[5]

Onyekonwu also notes that "Phipps worked on [her] case for free," so she was "conflicted about getting [Phipps] in trouble despite the mistakes she made [in the] case."

---

Onyekonwu's attorneys provided ineffective assistance because there is no evidence from which we can automatically conclude that their conduct fell below the standards for competent representation. See id. ("While the requirements of Lozada are generally reasonable, they need not be rigidly enforced where their purpose is fully served by other means. Lozada is intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one." (internal citation omitted)). For example, Onyekonwu provides conflicting reasons why she did not appear at the July 2003 hearing. In addition, there could be sound reasons why Kaganovsky did not file an appeal of the IJ's ruling, such as a view that there had been no changed country conditions that would support reopening given the available evidence. Under these circumstances, Onyekonwu's decision not to notify her previous counsel of her claims that they provided ineffective assistance deprived the IJ, the BIA, and this Court of a basis to evaluate those claims.

[5] Although the BIA should have "detail[ed] its reasons for rejecting [Onyekonwu's] explanation," Lu, 259 F.3d at 134 n.4, we cannot say the BIA abused its discretion, particularly because Onyekonwu provided no evidence of any effort to comply with the second Lozada requirement.

J.A. 16. While a kind sentiment, "[a]n attorney's obligation to [her] client is not diminished by the pro bono nature of [her] representation; hence, we cannot sanction [Onyekonwu's] failure to lodge a complaint simply because [Phipps] was not paid." Lu, 259 F.3d at 135. Thus, the BIA did not abuse its discretion in concluding that Onyekonwu did not sufficiently comply with the Lozada requirements.[6]

III

For the foregoing reasons, we will dismiss in part and deny in part Onyekonwu's petition for review.

---

[6] Furthermore, the BIA applied the correct legal standards, and its conclusion that Onyekonwu failed to satisfy the Lozada requirements is supported by substantial evidence. Thus, contrary to Onyekonwu's assertion, the BIA did not fail to "meaningfully consider[] the evidence and arguments [she] presented." Zhu v. Att'y Gen., 744 F.3d 268, 272 (3d Cir. 2014).

The BIA also declined to invoke its sua sponte authority to reopen. We lack jurisdiction to review that decision. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003).